HENRY A. ALDRICH *vs.* BOSTON & WORCESTER RAILROAD COM-
PANY.

Exceptions allowed in a case reported to this court after a general verdict should not be
stated in a separate bill, but be incorporated in the report.
Warehousemen are not responsible for neglect of their servants to rescue goods in the ware-
house from destruction by an accidental fire in the night, at which such servants are
present, but not in the course of their employment.

CONTRACT to charge the defendants as warehousemen with
the value of three barrels of kerosene oil and four barrels of
glassware burned between midnight and four o'clock in the
morning of November 1, 1866, in their freight house at Milford.

At the trial in the superior court, *Rockwell,* J., refused a re-
quest of the defendants at the close of the evidence to direct a
verdict in their favor, and the jury found for the plaintiff for the
value of the glassware, but not of the oil. After this verdict,
the judge, at the same time allowing a bill of exceptions taken
by the defendants at the trial, reported the case, by agreement
of the parties, for the determination of this court, judgment to
be entered on the verdict if there was evidence of negligence
which should have been submitted to the jury, otherwise the
verdict to be set aside. The substance of the evidence is stated
in the opinion.

*G. S. Hale & F. P. Goulding,* for the defendants.

*H. B. Staples & T. G. Kent,* for the plaintiff.

HOAR, J. The manner in which this case comes before us is
irregular, and not authorized by statute. When the parties
consent to the report of a judge after verdict, it should contain
a statement of all the questions of law which it is proper to
present; and a bill of exceptions cannot be sent with it. The
losing party may have his bill of exceptions as a matter of right;
but if the case is reported, all the exceptions allowed should be
incorporated in the report. But as upon the report we are all
of opinion that the action cannot be maintained, there is no
need to examine the bill of exceptions; and the parties lose no
right by disregarding it.

Aldrich *v.* Boston & Worcester Railroad Company.

The action is brought to recover the value of goods destroyed by fire, which were in the custody of the defendants as warehousemen. The goods were in their freight house at Milford, which was burned in the night-time with its contents. The fire, for which it is agreed that the defendants were not responsible, was caused by the burning of another building in the neighborhood; and the only ground of liability charged at the trial was the negligence of their agents in not removing the goods from the freight house at the time of the fire.

It appeared that different persons in the defendants' employment came upon the ground from time to time, and evidence was offered to show that with due care and diligence they might have saved the plaintiff's property. There was no evidence that the general agent who had charge of the freight house heard the alarm or was present at the fire; or that he was in any fault for not being there. The servants of the company who were present were, a clerk employed to check freight as it was received, and to help deliver it; a baggage-master and brakeman; a roadmaster and superintendent of the repairs of the track; another baggage-master, who had charge of the freight-house in the day-time, and locked it at night, but did not keep the key; and a clerk employed to receive freight.

The legal obligation of the defendants as warehousemen is well settled by the authorities, and there is no substantial difference between the parties respecting its nature and extent. They are responsible for due care in storing the goods in a place of reasonable safety, and are to be charged only upon proof of their own negligence, or that of their servants in the course of their employment. They are not insurers against loss by an accidental fire.

As the defendants furnished a suitable warehouse, properly secured, in which the goods were deposited, they had done their whole duty, until the time came when, upon reasonable notice of danger, an obligation should arise to remove them. *Tobin* v. *Murison,* 5 Moore P. C. 110. They were not chargeable with the negligence of any of their servants, unless it was negligence within the scope of the servant's employment. And

Aldrich *v.* Boston & Worcester Railroad Company.

a true test of this liability may be found in the question, Whether any one of the defendants' servants who were present at the fire would be answerable to his employers for a neglect of his duty ?

The answer to this question, upon the evidence reported, seems to us perfectly plain. It was no part of the service for which either of them was engaged, to attend to the removal of goods from the freight house in case of a fire in the night. Neither of them was under any obligation, by reason of his employment, to rise in the night and be present at the fire. Neither of them had any custody, or responsibility for the safety, of the goods at that time. If they were under no obligation to be present, their voluntary attendance imposed upon them no legal liability for mere omission to do anything when on the spot.

It is a mere confusion of terms to say that the servants of the company were present and neglected to remove the goods. They were not then and there, in any legal sense, the servants of the company. Whatever they did was done by them as volunteers, as neighbors and citizens. They had the full control of their own time and labors. They had the right to choose for themselves whom they would assist, and whose goods they would try to save; and, in making the choice, they in no manner implicated the railroad company, or assumed any of its obligations.

As the clerks, brakeman and baggage master, and superintendent of track repairs, were under no legal liability to the defendants for their omissions at the fire, it follows, therefore, that the defendants are not chargeable with their neglect, any more than with the neglect or inefficiency of any other persons who were there; and the whole foundation of the action fails.

*New trial granted.*