## RHODA JAHA *vs.* GOTTFRIED BELLEG & wife.

The question whether an answer in abatement was seasonably filed may be brought from the superior court to this court by report under the St. of 1869, c. 438.

Disability of an Indian, residing in this Commonwealth, to sue in his own name, before the St. of 1869, c. 463, for an assault and battery, could be pleaded in abatement only, and before answering to the merits.

TORT for assault and battery, commenced January 8, 1866, before a justice of the peace, who gave judgment for the plaintiff. The defendants appealed to the superior court, which ruled that, by reason of a certain agreement of the parties before the magistrate, the defendants had no right to file an answer denying their liability. Exceptions were taken to this ruling, and sustained by this court, which ordered by its rescript that the defendants have leave to file an answer to the merits. See 13 Allen, 86. The defendants thereupon, at September term 1867 of the superior court, filed such an answer.

At December term 1867 of that court the defendants moved for leave to file this answer : " The defendants say that the plaintiff ought not to maintain her action against them, because at the time of suing out her writ against them, and ever since, she was and now is an Indian of the Dudley tribe and resident on the lands reserved to said tribe, which lands are known and called as the Dudley reservation, and under guardianship as such ; by reason of all which she cannot sue on her own behalf." Leave was granted accordingly, reserving the question of terms, and the plaintiff appealed from the order granting leave.

At September term 1870 of the superior court, the case came on to be heard upon the issue made by the answer in abatement ; the parties agreed to waive a trial by jury, and further agreed that the facts set forth in this answer were true, except that the plaintiff did not reside on the lands reserved to her tribe, but dwelt with her tribe on lands owned by the Commonwealth and purchased in 1857 for their occupation, and to which the whole tribe had been removed from said reservation ; and *Devens,* J., reported the case to this court, the parties consenting, and agreeing " that if the court could not lawfully give leave to file the present answer, or if the facts aforesaid are insufficient to defeat the action, the defendants shall answer over ; otherwise, judgment to be for the defendants."

*G. F. Hoar,* for the defendants. The questions presented in this report are properly cognizable here. By the Gen. Sts. *c.* 115, § 7, the decision of a justice, either of this court or of the superior court, upon a plea in abatement was final. But a justice of this court might reserve a question of law arising thereon for the full court, under Gen. Sts. *c.* 112, § 10. *Vermont & Massachusetts Railroad Co.* v. *Orcutt,* 16 Gray, 116. The St. of 1869, *c.* 438, gives the superior court the same power to reserve questions of law, with the consent of parties, which this court has in its discretion.

Disability of the plaintiff to sue, although pleadable in abatement, is not a dilatory plea, and the defendant is not deprived of his right to avail himself of it by pleading to the merits. Steph. Pl. (7th ed.) 46, 47. Gould Pl. *c.* 5, §§ 54, 55, and cases cited.

A plea to the total disability of the plaintiff does not conclude by giving him a better writ, but by praying judgment if he ought to be answered. Gould Pl. *c.* 5, § 61. This plaintiff was a Dudley Indian, dwelling with her tribe under guardianship. Such Indians were not citizens or liable to taxation, but mere wards of the Commonwealth, and could neither sue nor be sued in their own names, nor appoint an attorney to contract, or receive or dispose of the proceeds of a judgment. Const. U. S. arts. 1, 2. Gen. Sts. *c.* 11, § 5, *cl.* 12 ; *c.* 14, § 48, and resolves and acts cited in margin; *c.* 141, § 15. Prov. Sts. 1695-6 (8 W. III.) *c.* 3 ; 1701-2 (1 Anne) *c.* 11, and explanatory resolve of 1703 ; 1709-10 (9 Anne) *c.* 2 ; Mass. Prov. Laws (State ed.) 210, 471, 487, 640. Prov. Sts. 1746 (20 Geo. II.) *c.* 4 ; Mass. Temp. Laws (ed. 1755) 58. Mass. House Doc. 1849, No. 46 ; Senate Doc. 1861, No. 96. *Andover* v. *Canton*, 13 Mass. 547.

*J. H. Stockwell*, for the plaintiff. An answer in abatement, except for want of jurisdiction, must be filed at the first term, and before answering to the merits. *Cole* v. *Ackerman*, 7 Gray, 38. *Whipple* v. *Rogerson*, 12 Gray, 347. *Hastings* v. *Bolton*, 1 Allen, 529. *Walpole* v. *Gray*, 11 Allen, 149. *Seagrave* v. *Erickson*, 11 Cush. 89. *Pratt* v. *Sanger*, 4 Gray, 84. *Clark* v. *Connecticut River Railroad Co.* 6 Gray, 363. The fact that the plaintiff sued in her own name, without joining her guardian, does not affect the jurisdiction of the court. If necessary, the writ might have been amended by inserting the guardian's name. *Blood* v. *Harrington*, 8 Pick. 552. *Slater* v. *Nason*, 15 Pick. 345. The plaintiff, although a Dudley Indian, may maintain an action in her own name for an assault and battery committed upon her by the defendants. *Clark* v. *Williams*, 19 Pick. 499. *Thaxter* v. *Grinnell*, 2 Met. 13. 2 Hilliard on Torts (2d ed.) 484. Schouler Dom. Rel. 505, 592, 593. St. 1869, *c.* 463.

GRAY, J. This report was made under the St. of 1869, *c.* 438, by which " questions of law, whether arising upon a trial or other proceeding before the superior court, may, by consent of the parties to the suit, be reported before verdict" for the determination of this court. Before that statute, no question could be reported to this court by the superior court before verdict; Gen. Sts. *c.* 115,

§ 6 ; *Minot* v. *Sawyer*, 1 Allen, 18 , and questions arising in that court upon pleas or answers in abatement could not be brought to this court at all, by report, exceptions or otherwise. Gen. Sts. *c*. 114, § 10 ; *c*. 115, § 7. *Stackpole* v. *Hunt*, 9 Allen, 539. *Hamlin* v. *Jacobs*, 99 Mass. 500, and cases cited. But, even then, the question whether an answer in abatement was seasonably filed in that court might after final judgment be brought to this court by exceptions. *Hastings* v. *Bolton*, 1 Allen, 529. And we have no doubt that any question arising in a civil action before verdict in the superior court, which might under the former statutes have been brought to this court by exceptions, may now, under the St. of 1869, *c*. 438, be brought up by report. The question whether the answer in abatement was seasonably filed is therefore properly before us for adjudication.

But it is well settled that mere matters of abatement, not affecting the jurisdiction of the court, cannot be pleaded after answering to the merits ; and that, at least in an action of tort for an injury to the person of the plaintiff, for which an action may be maintained by some one, the plaintiff's disability to sue in person can be pleaded in abatement only. Such is the rule when an infant sues in his own name, without the appointment of a guardian or next friend, or when a married woman sues alone, without joining her husband. *Schemerhorn* v. *Jenkins*, 7 Johns. 373. *Hayden* v. *Attleborough*, 7 Gray, 338. 1 Chit. Pl. (6th Am. ed.) 436, 437. Steph. Pl. (1st Am. ed.) 66, and note 23. The same rule governs the case at bar ; for it is not contended, in the learned argument for the defendants, that an injury to the person of an Indian residing in this Commonwealth affords no cause of action whatever ; but only that the action must be brought in the name of a guardian, and not of the Indian himself. The answer in abatement was therefore filed too late.

The questions whether the matters alleged, if seasonably pleaded, would have abated the writ, and could have been reported to this court for determination, cannot be decided in this case ; and can hardly arise in any other. inasmuch as, by the St. of 1869, *c*. 463, all Indians within the Commonwealth are made and declared to be citizens of the Commonwealth, and entitled to

all the rights, privileges and immunities, and subject to all the duties and liabilities of such citizens.

According to the agreement of the parties and the terms of the report, the defendants are to                    *Answer over.*