## ADDISON TAYLOR vs. CITY OF TAUNTON.

The provision of Gen. Sts. c. 115, § 6, allowing the Superior Court, after verdict to report cases for determination by this court, does not apply to cases in which the trial is had before a sheriff's jury and the verdict returned into that court.

PETITION to the Superior Court, under Gen. Sts. c. 26, § 56, for a jury upon an appeal from an order of the board of health of the city of Taunton prohibiting the carrying on of an offensive trade.

A warrant was issued upon the petition, and a trial was had before the sheriff of the county. At the trial exceptions were taken to certain of the sheriff's rulings and instructions, and were certified by him to the court with the verdict. The petitioner moved to recommit the sheriff's report of the exceptions. This motion was overruled, and the petitioner excepted. He then moved to set aside the verdict. This motion also was overruled, and the petitioner excepted.

The respondent moved that the appeal be dismissed; this motion was overruled, and the respondent excepted.

The questions of law arising in the case were, by consent, reported to this court by *Bacon*, J., the appeal to be dismissed, the verdict to be set aside or accepted, or such other order to be entered as the court should see fit.

*C. A. Reed*, for the petitioner.

*G. E. Williams*, for the respondent.

GRAY, C. J. The questions proposed to be argued in this case have not been rightly brought before us, and we have therefore no jurisdiction of them.

The petitioner relies on the Gen. Sts. c. 115, § 6, by which the Superior Court " may, at any time before judgment in a civil action, set aside the verdict and order a new trial, for any cause for which a new trial may by law be granted, or after verdict may report the case for determination by the Supreme Judicial Court." But that section applies only to cases in which a trial is had and a verdict rendered at the bar of the court; and does not extend to cases like the present, in which the trial is had before a sheriff's

jury, and their verdict is returned by the sheriff to the Superior Court, as to which it is elsewhere enacted that " the court shall receive it, and adjudicate thereon, and may set it aside for good cause." Gen. Sts. c. 26, §§ 56, 58; c. 43, § 40.

The judge who presided at the trial in the Superior Court, instead of himself performing the duty thus imposed upon him, has undertaken to transfer that duty to this court. This he has no authority to do. The questions presented by the various motions in the case involve matters of fact and discretion, as well as matters of law. The former must be determined finally by him, and cannot be brought to this court at all; the latter can only, after being decided by him in the first instance, be brought here by exceptions, or, so far as they appear on the face of the record, by appeal. *Walker* v. *Boston & Maine Railroad*, 3 Cush. 1. Gen. Sts. c. 115, § 7; c. 114, § 10.

It is suggested, in behalf of the petitioner, that we may treat this report as a bill of exceptions, and so retain jurisdiction of the questions stated in it. The learned judge has not allowed it as such, but has stated the exceptions as parts of his report, as would have been the proper course if the case had been one which he was authorized to send up by report. *Aldrich* v. *Boston & Worcester Railroad Co.* 100 Mass. 31. And if the exceptions had been formally allowed, they could not be entered in this court before the verdict had been accepted or set aside in the court below. *Marshall* v. *Merritt*, 13 Allen, 274.

*Report dismissed.*