### CHARLES W. RUSSELL *vs.* HORACE A. LATHROP.

Norfolk. Jan. 26. — Feb. 16, 1876. ENDICOTT & DEVENS, JJ., absent.

The Superior Court has no authority, under the St. of 1869, *c.* 438, to report a case before verdict to this court, for its opinion upon the whole course of the trial and upon the admissibility of every piece of evidence offered, without any ruling of the court below upon its competency, or stating that evidence with sufficient precision to enable its competency to be determined.

WRIT OF REVIEW of a judgment recovered by the defendant in review against the plaintiff in review on the following contract in writing, dated January 22, 1870, and signed by the plaintiff in review and James T. Frary:

"It is agreed between H. A. Lathrop of Sharon, and James T. Frary and Charles W. Russell of New York, that for services

heretofore rendered by said Lathrop to said Frary and Russell, they shall procure from the Lamson & Goodnow Manufacturing Company for him a license to manufacture at his said Lathrop's works, in Sharon aforesaid, and not elsewhere, and sell three thousand dozens of cutlery, under the patent granted to Joseph W. Gardner in 1859, and assigned to the said company during the unexpired term of said patent; which license the said Lathrop has applied to and requested the said Frary and Russell to procure for him from said company; and further, that they will pay the royalty charged for said license by said company; and they also agree to pay said Lathrop three thousand dollars when and as soon as said company shall have obtained a decree or judgment establishing the validity of said patent; and said Lathrop agrees that he will use his best endeavors to aid in establishing the validity of said patent whenever he shall be called upon to do so by said Frary and Russell, or said company."

After the former decision in the case, reported 117 Mass. 424, the case was tried in the Superior Court, before *Dewey*, J., who reported the case, for the consideration of this court, in substance as follows :

The execution and delivery of the agreement, and a demand of payment by Lathrop upon Russell before bringing the present suit, were proved. The plaintiff also introduced in evidence the records of three suits in equity brought by the Lamson & Goodnow Manufacturing Company, in the United States courts, in the city of New York, to restrain the use of the invention described in the letters patent referred to in said agreement. The suits were brought against J. Russell & Co., Landers, Frary & Co., and Clement, Hawks & Co., respectively, by bills in equity, each of which was dated April 17, 1867. The several defendants respectively filed answers therein, setting up, among other matters, that the letters patent were invalid ; that the invention was not new. In May, 1870, the defendants in said suits, respectively, filed their written consent that said bills might be taken *pro confesso*, evidence on both sides had been previously taken, and on June 9, 1870, an order was entered in each case, that the bills should be taken *pro confesso ;* and no further decree, order or judgment was ever passed or entered in either of them. The records of said suits may be referred to. Upon this

evidence, the defendant in review contended that he was entitled to recover. The judge declined so to rule.

The defendant in review then offered parol evidence to prove that the decrees in one or all three of said suits in New York, were the decree or decrees contemplated by the parties to this action, understood and intended by them to be the "decree" named in the contract upon the making or "obtaining" of which the $3000 would become payable. The defendant in review also offered to prove that before and at the time of the making the contract sued on, the said Russell declared to the said Lathrop that the decrees to be made in these three cases, or any one of them, was or were the decrees upon the making of which the requirement of the contract for a decree would be complied with, and said that the court, in which the suits were pending in New York, would sit the ensuing spring and pass upon these cases, and the said sum of money would become payable, and paid to said Lathrop; that after the making of said decrees, said Russell paid large sums of money to the complainants, Lamson & Goodnow, on account, and in payment or part payment of the damages claimed in the suit against him and his company; that on January 26, 1870, said Russell wrote to Gardner, who was a member of the Lamson & Goodnow Manufacturing Company, the following letter: "New York, Jan. 26, 1870. Mr. Jos. Gardner: Dear Sir, As our agreement for the use of your patent of 1860 makes our payment contingent upon a court decree being issued in our case, we hereby give you notice that we waive that contingency, and pay our agreed price when we confine the use of the patent to the licensed parties. If this should not be satisfactory, we will sign further papers. Truly, J. Russell & Co." That after said decrees he stated to the plaintiff and to others that the patent was valid, and could not be successfully contested; that he had used and exhausted every means of impeaching it; had fully obtained all the information bearing on the matter, and that the patent could not be resisted, and advised others to pay damages for the infringement, who did so in reliance upon his statements. That after making decrees, the said defendant in review repeatedly called on said Russell, and demanded payment, and claimed that it was due, and that said Russell, on every such occasion, acknowledged that it was due,

and said that it ought to be paid to said Lathrop, and assigned as the only reason why he did not pay it, that Lamson & Goodnow had promised to pay the same to him, Russell, but had not done so, and he promised to see them at once and have the payment made; that he said the same to others.

That no decree or judgment adverse to the said letters patent had ever been rendered; that the reason why said suits were not further prosecuted to final judgment and decree was the reception of the letter from Russell to Gardner, and the agreement of Russell and the other defendants to pay, and the payment in part or whole of the damages said Lamson & Goodnow had suffered by the infringement complained of in said suits. That said Lathrop was not a party, nor had any knowledge of such agreements or payments, except that said Russell told him at the time of contracting with said Lathrop that he had come to the conclusion, or thought that he should come to the conclusion, that he could not successfully resist said patent, and expected he should have to pay some $12,000 or so for damages for past infringement. As to the other suits, or any settlement thereof, the said Lathrop had no knowledge or information, and he was in no way a party to, connected with or concerned in any of said suits, or the settlement thereof, except that he had given his deposition as a witness.

The plaintiff in review contended that the above evidence offered was not competent, and if any portion of it was competent for any purpose, it would not authorize the finding of a verdict for the defendant in review, and, by consent of the parties, the case was taken from the jury, and the question whether the defendant in review was entitled to a verdict upon the evidence which was introduced by him, and the questions as to the admissibility and the effect of the evidence offered by him (but not admitted) were reserved for the consideration of the Supreme Judicial Court.

If in the opinion of the court, upon the evidence introduced, and such portion of the evidence offered as the court shall deem admissible, the defendant in review would not be entitled to recover, judgment is to be entered for the plaintiff in review otherwise the case is to stand for trial.

C. Allen, for the plaintiff in review.

*A. Churchill,* for the defendant in review.

GRAY, C. J. This report is not within the authority conferred upon the Superior Court by St. 1869, *c.* 438. It is not confined to a report of specific rulings of the court below, or of the question whether the whole evidence will in law warrant a verdict. But it undertakes to obtain the advice of this court in advance upon the whole course of the trial, and upon the admissibility of each and every piece of evidence offered, without any ruling of the court below upon its competency, and without even stating that evidence with sufficient precision to enable its competency to be determined. *Noble* v. *Boston,* 111 Mass. 485.

*Report dismissed.*