### INHABITANTS OF COTTAGE CITY *vs.* INHABITANTS OF EDGARTOWN.

Bristol. Oct. 26, 1882. — Jan. 6, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

Under the St. of 1880, *c.* 18, dividing one town and incorporating another town therein named, and providing in § 5 that in case said towns should not agree in respect to a division of debts, unpaid taxes, state or county taxes, or support of paupers, the Superior Court should, upon petition of either town, appoint three commissioners to hear the parties and determine the matters of difference, that their award, being accepted by said court, should be final, and that the court might make any order or decree upon the award, but it should not be set aside except for fraud or manifest error, in which case the court might recommit the award or appoint new commissioners, neither party has a right of appeal from the decision of the Superior Court accepting an award of commissioners appointed pursuant to the statute.

PETITION to the Superior Court, under the St. of 1880, *c.* 18, § 5, for the appointment of commissioners to hear the parties and determine certain matters of difference between them. The Superior Court appointed three commissioners, who made their award, which was accepted by the court; and both parties appealed to this court.

*H. M. Knowlton*, for the petitioner.

*G. Marston*, for the respondent.

MORTON, C. J. The act dividing the town of Edgartown and incorporating the town of Cottage City provides that, in case

said towns "shall not agree in respect to a division of debts, unpaid taxes, state or county taxes, or support of paupers, the Superior Court for the county of Bristol shall, upon petition of either town, appoint three commissioners . . . . to hear the parties and determine the matters of difference; and their award, or the award of any two of them, being accepted by said court, shall be final." The court may make any order or decree upon said award, but it shall not be set aside unless for fraud or manifest error, in which case the court may recommit the award or appoint new commissioners. St. 1880, c. 18, § 5. The authority given to the Superior Court and to the commissioners is a special authority conferred for a special purpose. The statute contains no provision that either party may appeal from the decision of the Superior Court; on the contrary, it declares that the award of the commissioners, being accepted by the court, shall be final. The authority of the Legislature in regard to the division of towns is supreme. It may dictate such terms as it sees fit, and the towns have no right of appeal to a jury or the court. Upon examining the numerous statutes for the division of towns, it is found that, in some cases, the Legislature establishes arbitrary rules for the division of the debts, property, taxes and paupers of the towns; but a very large proportion of the statutes contain provisions, like those in this case, that, if differences as to these matters arise between the towns, the Court of Common Pleas or the Superior Court shall appoint disinterested persons to determine the matters of difference, whose award, when accepted by the court, shall be final. Sometimes these persons are called referees, and sometimes commissioners. It is not known that any appeal from the decision of the Common Pleas or the Superior Court in such cases has ever been taken to, or entertained by, this court. The manifest policy of the Legislature has been to provide for the speedy settlement of differences between the towns, and to prevent protracted litigation. For these purposes it creates a special tribunal to determine these matters of dispute, and, as it declares that the decision of this special tribunal shall be final, the right of appeal to this court is excluded.

It follows that, in the case before us, neither party has a right to appeal from the decision of the Superior Court accepting the award of the commissioners. *Appeal dismissed.*