INHABITANTS OF TISBURY *vs.* INHABITANTS OF WEST
TISBURY.

Dukes County. March 28, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Rule to Commissioners — Report to the Court — Statute — Reservation or Report
of Questions of Law arising upon an Award — Division of the Corporate
Property of a Town upon the Division of the Town into separate Townships.*

Questions of law arising upon an award may be reserved or reported, under general provisions of statute, although the statute under which the commissioners are appointed provides that their award, when accepted by the court, shall be binding on all parties.

The St. of 1892, c. 216, entitled "An Act to incorporate the town of West Tisbury," requires an equal division of the corporate property.

PETITION to the Superior Court, under St. 1892, c. 216, § 5, for the appointment of commissioners to hear the parties and determine certain matters of difference between them. The Superior Court appointed three commissioners, who made their award, and a hearing was afterwards had on a petition for the acceptance of the award, the respondent town having filed a petition to have the report recommitted, before *Hopkins, J.,* who found and ruled as follows:

" As to that part of the report of the commissioners which related to the division of the property of the town of Tisbury, I was of opinion that the commissioners erred, as matter of law, in ruling that the town of Tisbury is entitled to seven tenths thereof and the town of West Tisbury to three tenths thereof, and was of opinion that the said towns were each entitled to one half of said property ; and that the award should " be amended accordingly, and as so amended the judge was of opinion that the award should be accepted, and so ordered.

By consent of the parties, the respondent town by such consent not waiving its right to insist that the judgment of the Superior Court was final and could not be reviewed by the Supreme Judicial Court, the judge reported the case for the consideration of this court. If, as matter of law, the corporate

property should be divided between the towns equally, then the order accepting the award as amended was to stand as the final order of the court; otherwise, the award of the commissioners was to be accepted.

*W. Clifford*, for the respondent.

*H. M. Knowlton & M. G. B. Swift*, for the petitioner.

ALLEN, J.   The respondent contends that the Superior Court had no authority to report the case, and that its decision is final.   In construing a statute in some respects similar, it was held that there was no right of appeal from the decision of the Superior Court accepting an award of commissioners.   *Cottage City* v. *Edgartown*, 134 Mass. 67.   The question in the present case is as to the construction of the statute providing for the division of the corporate property, and this is a question of law; and we think the case falls within the general rule contained in Pub. Sts. c. 153, § 6, that the court, after verdict or decision, may report the case for determination by this court.   The recent case of *Newburyport Water Co.* v. *Newburyport*, 168 Mass. 541, arose under St. 1894, c. 474, which provided in § 1 for a valuation of property by three commissioners to be appointed by this court, whose award when accepted by the court was to be final; and questions arising under their award were reserved by a single justice of this court, and entertained by the full court.   The question of the power to make such reservation was not discussed, but we think questions of law arising upon an award may be reserved or reported, under general provisions of statute, although the statute under which the commissioners are appointed provides that their award, when accepted by the court, shall be binding on all parties.

The petitioner contends that the corporate property should be divided in the proportion of seven tenths to Tisbury and three tenths to West Tisbury, that being the proportion in which the net debt is divided.   We are unable so to construe the statute. It was not necessary for the Legislature to observe the same proportion between the property and the debt.   The Legislature might make such provisions as it saw fit in relation to the division of the property and the burdens.   Many considerations might influence their action in determining what would be most just and reasonable in these respects, and the probable future cost

to each on account of roads, schools, paupers, and other public burdens, might have some weight. Looking at the statute in detail, (St. 1892, c. 216,) it appears that in certain particulars the Legislature made a division in the proportion of seven tenths to Tisbury and three tenths to West Tisbury (see §§ 2, 3, 4, 8), while in certain other respects this proportion was not observed (see §§ 9, 10, 11). In § 5, which relates specially to the matter now in controversy, it is provided that the two towns shall retain and own the corporate property heretofore owned by the town of Tisbury which is within their respective limits, however the same may have been acquired, " subject to such payment in cash from one town to the other, to equalize the value of corporate property in the towns after division, as may be determined and apportioned by the commission ; . . . and the net public debt of said town of Tisbury, after deducting all cash assets of and debts due to said town of Tisbury, shall be divided between the towns of Tisbury and West Tisbury in the ratio of seven tenths to Tisbury and three tenths to West Tisbury ; and in case the town of West Tisbury cannot agree with the town of Tisbury as to the amount of debt which it is to assume under this section, or as to the amount of cash payment to be made to equalize the value of corporate property, said amount shall be determined by three commissioners," etc. The phrase " to equalize the value of corporate property " is used twice, and we are unable to give to these words the meaning contended for by the petitioner, namely, that they mean to equalize the proportion of corporate property in the ratio of seven tenths to Tisbury and three tenths to West Tisbury. The order of the Superior Court must therefore be affirmed.

*So ordered.*