EDMUND R. SMITH *vs.* EDWIN W. LINCOLN.

Norfolk.    March 4, 1908. — April 6, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability, Farm hand.    *Practice, Civil*, Report by trial judge.
    *Superior Court.*

At the trial of an action of tort against a farmer by one employed by him as a farm
    hand, who sought recovery for personal injuries received by him by falling into
    a silo in the defendant's barn, it appeared that the plaintiff was employed at
    about noon and, at once after his employment and before he had inspected
    the premises, was directed to go to the defendant's barn and clean certain
    stalls which were at the left of the door, that he opened the door to the barn and
    entered and closed the door behind him because he thought that the defendant
    wanted it kept so, that the barn was then as dark as on a dark night, and, in
    proceeding to the stalls which he was to clean, he fell into the silo, which was
    directly in his path, that the opening to the silo was about three feet wide and,
    if he had left the door open, he would have been able to see and avoid it. *Held,*
    that the plaintiff had assumed the risk of the injury which he received.
It is not within the power of a judge of the Superior Court, in reporting to the full
    court for its "determination" under R. L. c. 173, § 105, a question of law as to the
    correctness of a ruling made by him setting aside a verdict of a jury in favor of a
    plaintiff because in his opinion, as a matter of law, the verdict should have been
    for the defendant, to make it a condition of the report, against the objection of the
    plaintiff, that, if his ruling was right, judgment should be entered for the defendant.
At a trial before a jury, after the introduction of all the evidence, the defendant
    asked that a verdict be directed in his favor.  The judge stated to the counsel for
    both parties that the question of liability was close, but that it "was desirable
    to obtain a verdict with a view to a report and final disposition of the case by
    means of one trial."  The case accordingly was left to the jury who returned a
    verdict for the plaintiff.  The defendant moved for a new trial and the presiding
    judge granted the motion on the ground that, as a matter of law, on the evi-
    dence introduced at the trial the defendant was entitled to a verdict, and reported
    the case for consideration by this court and, against the objection of the plaintiff,
    made it a term of the reservation that, if this court should be of opinion that
    the order granting a new trial was right, judgment was to be entered for the
    defendant.  It appeared that the order granting the new trial was right. *Held,*
    that judgment should not be entered for the defendant, but that the case should
    stand for a new trial.

TORT for personal injuries received by the plaintiff while in
the defendant's employ at Milford as a farm hand.  Writ in the
Superior Court for the county of Norfolk dated July 11, 1905.

There was a trial before *Schofield,* J.  Evidence introduced on
behalf of the plaintiff tended to show that on May 10 the plain-
tiff had interviewed the defendant at his farm with regard to

employment as a farm hand, but that he was not hired on that day and did not enter the barn. The next day he was hired and, having been shown his room at the house by the defendant, was told to go to the barn and clean the horse stalls which were at the left of the door by which the barn was entered. There was a big door to the barn, and, as part of it, a small door. Both were closed. He opened the small door, entered and closed the door behind him because, finding it closed, he thought the defendant desired it kept so. The barn was "as dark as it is on a dark night," but, if he had left the door open, he would have been able to see his way and see where he was going. As he turned to the left to go to the horse stalls, he fell into a silo, the opening into which was about six feet from the entrance door to the barn, and was about three feet across. Other facts are stated in the opinion.

The jury found for the plaintiff, and the defendant moved for a new trial, which the presiding judge allowed, and made the following report of the case to this court, to which the evidence given at the trial was annexed:

"This was a motion for a new trial. The court is of the opinion that upon all the evidence the jury could not properly find that the plaintiff was in the exercise of due care, and orders the verdict to be set aside. If this order is right, the verdict is to be set aside and judgment entered for the defendant. If the order is erroneous, the verdict is to stand and judgment is to be entered on the verdict.

"Counsel for the plaintiff objects to that part of the reservation which provides for ordering judgment for the defendant, and is to be at liberty to argue that the court has no authority to make it. At the trial, at the close of all the evidence, defendant moved that a verdict be ordered for the defendant. The court then informed counsel that the case seemed close, and that it was desirable to obtain a verdict with a view to a report and final disposition of the case by means of one trial. No agreement was made in regard to the form of reservation, and counsel for the plaintiff is now unwilling to stipulate that judgment may be entered for defendant in case the verdict is set aside. As one reason in support of his position, he alleges that there is another witness, whom he might call at a new trial, to the fact that at

times prior to the accident a board was kept across the opening to the silo into which the plaintiff fell. The court is of the opinion that this testimony would add nothing material to the evidence already introduced, and rules that, the plaintiff having submitted the case to court and jury upon the evidence annexed, it is competent for the court to make the reservation above stated."

*W. Williams,* (*S. D. Vincent* with him,) for the defendant.

*J. B. Ratigan* (*J. E. Swift* with him,) for the plaintiff.

SHELDON, J. On the evidence at the trial, a verdict should have been ordered for the defendant.

The plaintiff, by entering the employ of the defendant as a farm hand, agreed to work in the barn as it was, unless there was some hidden defect or some danger which would not have been obvious upon inspection. The opening into this silo was only a few feet from the barn door; the plaintiff entered the barn about the middle of the day; the opening into which he fell was in plain sight, and obvious to the least inspection; and there is no suggestion that the plaintiff would not have seen it if he had not shut the barn door behind him. The case is on all fours with *McCafferty* v. *Lewando's Dyeing Co.* 194 Mass. 412, and after the opinion in that case no further discussion of this question is necessary. Accordingly the judge before whom the case was tried properly ruled that the verdict for the plaintiff should not be allowed to stand. Nor would the additional evidence mentioned in the report entitle him to go to the jury.

But it is a different question whether under the circumstances here disclosed the judge had the right to provide by the report that judgment should be entered for the defendant if on the evidence the plaintiff could not recover.

We do not think that it can be said that the plaintiff had assented to a final disposition of the case being made upon the evidence offered at the trial. Although the judge had suggested, when asked to order a verdict at the close of the evidence, that it was desirable to obtain a verdict with a view to a report and final disposition of the case by means of one trial, yet no agreement was made in regard to the form of the reservation, and the final ruling of the judge was not rested upon any consent of the plaintiff, but upon the fact that the plaintiff had submitted

the case to the judge and jury upon the evidence put in. The judge did not undertake to act under the provisions of R. L. c. 173, § 120, nor are those provisions applicable to the case. The order was not made upon the application of either party as provided in that section; and the judge, by ordering the verdict to be set aside, had already acted fully upon the only motion pending before him.

It is a frequent and convenient practice for the presiding judge, after ruling upon a fundamental question and after a verdict has been found upon such ruling, to report the question of law to this court, with the stipulation that if the ruling made was wrong, the verdict in favor of one party shall be set aside and judgment entered in favor of the other party. R. L. c. 173, § 105. But a provision to this effect in the report never has been made, so far as we are aware, without the consent of the parties. It is argued however that the permission given by the statute is to " report the case for determination by the full court "; and that this indicates the intention of the Legislature that this court should have authority to make a final disposition of the case, and not only to set aside a verdict which ought not to have been found, but also to order final judgment as if the jury had returned the proper verdict.

We cannot accept this argument. The bare fact that no such power ever has been exercised is a strong argument against its existence. Very soon after the passage of St. 1859, c. 196, § 32, the power of this court to determine the questions of law involved was said to be intended for exercise only by passing upon material questions of law after all controverted facts should have been settled. *Minot* v. *Sawyer*, 1 Allen, 18. But after a verdict has been set aside it cannot be said, in a case in which a trial by jury is to be had, that any of the facts put in issue by the pleadings have been settled. The judge of the Superior Court might himself in this case have ordered a verdict in favor of the defendant at any time before the final affirmation of the verdict for the plaintiff; but, after that verdict had been received and recorded, his only power was to set the verdict aside and order a new trial, if requested so to do. R. L. c. 173, § 112. It is not of course impossible that by a report, though against the consent of the parties, he might reserve to this court a greater

control over the future proceedings to be had than he was himself authorized to exert, but the existence of such a power is not readily to be presumed. And it is difficult, in a case in which, under R. L. c. 173, § 56, a plaintiff has acquired an absolute right to trial by jury, and in which upon the face of the pleadings an issue of law is not raised but there are material facts to be determined, to see how a judgment can be rendered against him otherwise than upon the verdict of a jury, except by his consent or upon his failure to prosecute.

Although, so far as we are aware, this precise question has not heretofore been presented, yet the language which has been used in other cases before this court would seem to indicate that the power now claimed to exist has not been recognized. In *Bearce* v. *Bowker*, 115 Mass. 129, it was said by Gray, C. J., that questions of law arising in a civil action could be brought to this court by report. In *Jaha* v. *Belleg*, 105 Mass. 208, 211, and in *Morse* v. *Dayton*, 125 Mass. 47, and *Reed* v. *Home Savings Bank*, 130 Mass. 443, the same justice treated reports and exceptions as practically alike in their effect. So in *Tisbury* v. *West Tisbury*, 171 Mass. 201; *Slater* v. *Manchester*, 160 Mass. 471. In *Churchill* v. *Palmer*, 115 Mass. 310, 313, it is said that only questions of law are to be presented in the report of a case; and it would seem to follow that the court can go no further than to determine the questions of law presented, without undertaking to pass upon all the merits of the case. Indeed the court expressly has declined to do this. *Russell* v. *Lathrop*, 119 Mass. 531. *Holbrook* v. *Young*, 108 Mass. 83. *Hodgkins* v. *Price*, 137 Mass. 13, 15. Accordingly, the report must show what questions of law were raised at the hearing or trial and are intended to be reported; and those are the questions which will be determined by this court. *Wright* v. *Quirk*, 105 Mass. 44. *Churchill* v. *Palmer*, 115 Mass. 310. The trend of all our decisions has been to confine the power of reporting cases and the scope of the authority of this court in dealing with reports, strictly to the language of the statute. *Lincoln* v. *Parsons*, 1 Allen, 388. *Stackpole* v. *Hunt*, 9 Allen, 539. *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 468. *Hubner* v. *Hoffman*, 106 Mass. 346. *Noble* v. *Boston*, 111 Mass. 485. *Taylor* v. *Taunton*, 113 Mass. 290. *Aldrich* v. *Springfield & Athol Railroad*, 125 Mass. 404.

*Commonwealth* v. *Teevens,* 141 Mass. 577.   *Johnston* v. *Faxon,* 167 Mass. 473.   *Newburyport Institution for Savings* v. *Coffin,* 189 Mass. 74.

So far as the action of the judge in passing upon the motion for a new trial depended upon any question of law, we do not doubt his power to report such question to this court and to make a final disposition of that motion dependent upon the determination of such question; but after a verdict has been set aside, and when upon the record the material issues raised by the pleadings are wholly undetermined, we are of opinion that the court cannot say that without their consent the rights of the parties must be conclusively settled by the evidence produced at the former trial, and so order the judgment which as matter of law would follow from that evidence.   We are compelled to conclude that the judge had not the authority, without the plaintiff's consent, to provide in the report that if his ruling was right judgment should be entered for the defendant, especially as the defendant's motion asked him merely to set aside the verdict and order a new trial.   The case must stand for a new trial.

*So ordered.*