ATTILIO D. DADDARIO *vs.* CITY OF GLOUCESTER
(and a companion case[1]).

Suffolk. Essex. October 4, 1951. — September 15, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Report; New trial; Judicial discretion; Exceptions:
what questions open.

A purported report of an action at law as a whole for determination
whether the plaintiff was "entitled to hold" a verdict in his favor,
without any specific questions of law having been raised in the Su-
perior Court or indicated in the report as intended to be submitted to
this court, was beyond the power of the judge under G. L. (Ter. Ed.)
c. 231, § 111, and must be dismissed.

An exception to the denial as a matter of discretion of a motion for a
new trial of an action based on the grounds that the verdict was
against the law, the evidence and the weight of the evidence and that
the award of damages was excessive raises only the question of an
abuse of discretion by the judge.

TWO ACTIONS OF CONTRACT. Writs in the Superior Court
dated October 22, 1948, and September 10, 1949.

The actions were tried before *Brogna,* J.

*Melvin I. Bernstein,* for city of Gloucester.

*Kendall A. Sanderson,* (*Thomas E. Key* with him,) for
Daddario.

WILLIAMS, J. These are two actions of contract, the
first by Daddario against the city of Gloucester brought
in the Superior Court for Suffolk County, and the second
by the city against Daddario brought in the Superior Court
for Essex County. The cases arise out of alleged breaches
of a contract made by the city with Daddario for the con-
struction by him of a siphon sewer under the Annisquam
Canal in Gloucester. After being consolidated for trial
(*Lumiansky* v. *Tessier,* 213 Mass. 182) they were tried to a

---

[1] The companion case is by the City of Gloucester against Attilio D.
Daddario.

jury in Suffolk County. A verdict in a substantial amount
was returned for Daddario as plaintiff in the first action
and a verdict returned for him as defendant in the second
action. In each case the city moved for a new trial alleging
that the verdict was against the law, the evidence, and the
weight of the evidence, and in the first case that the damages
awarded were excessive. At the hearing on these motions
requests for findings and rulings were presented by the city
which the judge "did not consider or act upon." He denied
the motions "in the exercise of his discretion." The city
excepted to such denials but not to the failure of the judge
to pass upon the requests or to any implied denial of them.
In the first action the city seasonably filed a motion alleging
that it was "aggrieved by the verdict of the jury as being
contrary to the law and the facts," and requesting "that
the case be reserved for a report to the Supreme Judicial
Court for determination." This motion was allowed by
the judge "without assigning any reasons therefor." He
then reported to this court the following questions: "(1)
Have I the right to report this case to the Supreme Judicial
Court? (2) Upon the evidence, the stipulation in this
report, and the law, is the plaintiff entitled to hold the verdict
of the jury?" The stipulation referred to was "that on
the evidence the jury was, as a matter of fact, warranted
in finding for Daddario in the amount of the verdict," the
city specifying that it did not waive "the question as to
whether the verdict was warranted as a matter of law, if
that question is as a matter of law open to it." The judge
included in his report the exceptions of the city to the denial
of its motions for new trial in order to "avoid duplication"
and "for the convenience" of court and counsel. We have
before us in addition to the report a bill of exceptions of
Daddario presenting an exception taken by him to the
allowance of the motion for a report.

During the trial the city saved no exceptions. At the
conclusion of the evidence and before closing arguments
it filed twenty-three requests for instructions. The first
of these requests was "That upon all the evidence, the con-

tractor Daddario is not entitled to recover," and the second, "That upon all the evidence, the verdict should be for the city." These two requests were denied by the judge who stated that "the questions" should be raised by motions for directed verdicts. The city neither excepted to the denial of its requests nor filed motions as suggested. As to the remaining requests, the judge in conference with counsel stated that he would give some of them and would deny others in his charge. "Before completing his charge, the trial judge called counsel for both parties before him and asked them if there was anything he had overlooked." Thereafter he "further charged the jury as to two matters." The city made no objection to any portion of the charge.

A judge of the Superior Court is authorized by G. L. (Ter. Ed.) c. 231, § 111, to report after verdict and before judgment questions of law which have arisen at the trial. *Scaccia* v. *Boston Elevated Railway*, 317 Mass. 245. This authority is frequently exercised where through ignorance or mistake meritorious exceptions have been lost, *Granger* v. *Lovely*, 302 Mass. 504, but it is not limited to the report of matters concerning which exceptions have been taken. *Reed* v. *Home Savings Bank*, 130 Mass. 443, 444. *Wasserman* v. *Caledonian-American Ins. Co.* 326 Mass. 518. A question of law if actually raised at the trial may, in the absence of exception, be reported if it is the same kind of question which could be brought here by a bill of exceptions. *Minot* v. *Sawyer*, 1 Allen, 18. *Jaha* v. *Belleg*, 105 Mass. 208, 211. *Churchill* v. *Palmer*, 115 Mass. 310, 313. *Smith* v. *Lincoln*, 198 Mass. 388, 391. *Commonwealth* v. *National Contracting Co.* 201 Mass. 248, 249–250. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. There is no authority to report questions which might have been but were not raised. *Aldrich* v. *Springfield, Athol & North Easton Railroad*, 125 Mass. 404, 405. *Smith* v. *Lincoln*, 198 Mass. 388, 392. *Crowe* v. *Boston & Maine Railroad*, 242 Mass. 389, 392–393. *Weiner* v. *D. A. Schulte, Inc. supra. Zwick* v. *Goldberg*, 304 Mass. 66, 68. The "report must show what questions of law were raised at the . . . trial and are intended to be re-

ported; and those are the questions which will be determined by this court." *Smith* v. *Lincoln, supra.*

In the reported case it does not appear that any questions of law were raised by the city at the trial. There was no contention that the denial of the first two requests was improper (see Rule 71 of the Superior Court [1932]; *Commonwealth* v. *Velleco,* 272 Mass. 94, 99) and no attempt made by motion to question the sufficiency of the evidence. The judge having stated that he would deal with the other requests in his charge, no objection was made or exception saved at its completion to any part of it and no suggestion made to the judge that he had not adequately stated the applicable principles of law.

Moreover, there is no indication in the language used by the judge in reporting the case that he intended to report any specific questions of law. It seems to have been his intent to report the case as a whole in order that this court might determine whether in the course of the trial any reversible error had been committed. A report of this kind was beyond his power. In *Wright* v. *Quirk,* 105 Mass. 44, 46, where it was contended that upon report any questions of law were open which the parties might wish to argue, the report was dismissed for not "stating or showing what questions arose in the superior court or were intended to be reported for the determination of this court." In *Churchill* v. *Palmer,* 115 Mass. 310, 313, where the whole evidence was reported without specification of the legal questions upon which this court was to pass, the report was dismissed. See also *Holbrook* v. *Young,* 108 Mass. 83, 87; *Russell* v. *Lathrop,* 119 Mass. 531, 535. This court cannot be burdened with questions of law which have not been raised and clearly submitted to it for determination. The fact that the right of parties to present their contentions is saved by a report rather than by a bill of exceptions does not require a different procedure from that prevailing with respect to a bill of exceptions or to an appeal. *Carangias* v. *Market Men's Relief Association, Inc.* 293 Mass. 284, 285. *Kay* v. *Audet,* 306 Mass. 337, 338. As the report must be dismissed

it is unnecessary to consider the standing of Daddario's exception to the allowance of the city's motion. (See *Aldrich v. Boston & Worcester Railroad,* 100 Mass. 31.)

The city's exceptions to the denials of its motions for new trial present no questions of law. As disclosed by its requests for rulings presented at the hearing, it sought rulings on questions which might have been raised at the trial. They cannot be raised as matter of right on motions to set aside a verdict and grant a new trial. *Hathaway v. Checker Taxi Co.* 321 Mass. 406, 412. Where, as here, no rulings of law were made, the disposition of the motions rested in the sound discretion of the judge, to the exercise of which exceptions do not lie, unless clear abuse is shown which, in the present cases, does not appear. *Costello v. Hayes,* 249 Mass. 349, 356. *Kinnear v. General Mills, Inc.* 308 Mass. 344, 348-349. *Hartmann v. Boston Herald-Traveler Corp.* 323 Mass. 56, 59-61. See *Quincy v. Brooks-Skinner, Inc.* 325 Mass. 406.

*Report dismissed.*
*Exceptions of Daddario dismissed.*
*Exceptions of the city of Gloucester overruled.*