*Northern District*
No. 6069
R. WENDELL WOOD & DONALD A. WOOD
v.
NEW ENGLAND FILM SERVICE, INC.

*Present*: Brooks, P. J., Parker & Yesley, JJ.

Case tried to *Connolly, J.* in the Third District Court of Eastern Middlesex (Cambridge). No. 3739 of 1964.

*Yesley, J.* This is an action for breach of a written agreement dated November 26, 1963, for the sale by the plaintiffs, and the purchase by the defendant, of a building and approximately 3500 square feet of land situated on Water Street, in Arlington, Massachusetts. The defendant answered by way of general denial and set up affirmatively that the plaintiffs were unable to give a marketable title at the time for performance of the agreement. The agreement called for the conveyance of "a good and marketable title".

It was undisputed that the northerly wall of the building encroached on land, the record title of which was in an abutting owner. This was known by the defendant's president at the time the agreement was signed. The attorney for the bank to which the defendant had applied for a mortgage to finance the purchase, refused to pass the title and suggested that the encroachment be remedied by registration proceedings. To allow time for such proceedings the date for performance of the agreement was extended from January 15, 1964 to June 15, 1964. A petition for registration was filed in the Land Court in which it appears to have been alleged that the plain-

tiffs had an easement over that portion of the abutter's land on which the plaintiffs' building encroached. On June 5, 1964, a stipulation signed by the plaintiffs and the abutting owner was filed in the Land Court proceedings, in which it was stated that such easement existed, and in which the land under the building wall was described as "the land of the (abutting owner)". A judge of the Land Court signed an order for a decree on June 9, 1964. The parties met on June 15, 1964. No decree had been entered as of that date, nor as of the date of trial on November 9, 1964. At this meeting the defendant stated that it would grant no further extensions. The plaintiffs thereupon brought this action.

At the trial the defendant made "requests for rulings and findings", some of which were granted and others denied. The trial justice found for the defendant, finding specially that the plaintiffs' title was "defective" on the date for performance of the agreement and that the defendant was relieved of all obligation thereunder. The plaintiffs claimed no report from the denial of their requests, nor from the finding of the court. They seasonably filed a motion for a new trial on the grounds among others that the findings were (a) against the evidence, (b) against the law, and (c) that they included mistakes of law injuriously effecting the substantial rights of the plaintiffs. With this motion there were filed requests for rulings, for the most part

defining what constitutes a "good and marketable title." The court denied the motion and refused to pass on the plaintiffs' requests for rulings on the ground that they raised questions of law which might have been raised at the trial. The plaintiffs claimed a report from such denial and refusal.

■ The plaintiffs, by their motion for a new trial, in effect called upon the trial justice to review and revise a matter which he had just considered and decided, namely, whether the plaintiffs were in position to give a "good and marketable title" at the time for performance of the agreement. The court cannot ordinarily be required to reconsider upon the same evidence, its decision of fact or law. *Bartley v. Phillips,* 317 Mass. 35, 39.

■ Nor may a party obtain as matter of right upon a motion for a new trial, rulings on questions which might have been raised at the trial, *Dadario v. Gloucester,* 329 Mass. 297, 301; *Kennedy v. Currier,* 293 Mass. 435, 439; nor of questions of law raised at the trial but not preserved, *The Haines Corporation v. Winthrop Square Cafe, Inc.,* 335 Mass. 152, 154. All of the questions raised in the plaintiffs' requests for rulings in connection with their motion for a new trial could have been raised at the trial.

■ The justice, having chosen not to act on these requests, the disposition of the motion for a new trial rested in his sound discretion, to the exercise of which no appeal lies unless

clear abuse is shown—*Daddario v. Gloucester,* supra at p. 301.

"An 'abuse of discretion' consists of judicial action 'that no conscientious judge, acting intelligently, could honestly have taken' ", *Bartley v. Phillips,* supra at p. 43 (and cases cited).

In our opinion it cannot be said that the action of the justice in denying a motion for a new trial in this case was an abuse of discretion. It is not, and could not be, contended by the plaintiffs that they were in position to give a good and marketable title to the building, one of whose walls rested on somebody else's land.

The plaintiffs' requests for rulings (filed with the motion for a new trial) referred to a good and marketable title shown by independent evidence of adverse possession. However, the evidence at the trial was not such as would have required a judge to find that such title was established, even if uncontradicted. *Glazier v. Andrews,* 349 Mass. 417. It is to be noted in this connection that the stipulation on which the order for a decree in the Land Court was based did not establish title in the plaintiffs to the land under the northerly wall of the building; it referred to an easement. The decree, if eventually entered in the form of the order for decree, would not have established title but would have merely recognized an easement. That was not what the defendant

contracted for, nor what the plaintiffs agreed to give, under their agreement of sale.

*There being no error, the report is dismissed.*

Sherman Davison for the Plaintiffs.

Richard Keshian for the Defendants.