*Municipal Court of the*
*City of Boston*
No. 328804

**JULIUS WILENSKY**

v.

**AMERICAN THEATRE CORP.,**
**THEATRE AMUSEMENTS, INC.**

Argued: Dec. 14, 1973 - Decided: May 10, 1974

126

*Present:* Glynn, J. (Presiding), Canavan, & DeGuglielmo, JJ.

Case tried to *Elam, J.*

**Canavan, J.** This is an action of contract to recover for goods sold and delivered. The defendant's answer is a general denial, excuse and the Statute of Frauds.

**At the trial there was evidence tending to show that:**

From time to time, the plaintiff delivered coal to the Rialto Theatre, which is the only theatre owned by the defendant Theatre Amusement, Inc. The coal was ordered by the manager of the Rialto Theatre who was an employee of the defendant Theatre Amusements, Inc. and, from time to time, when circumstances required, he would for a day or two manage theatres not owned by the defendant Theatre Amusements, Inc., but owned by the American Theatre Corporation.

The manager of the Rialto Theatre had no express authority to contract on behalf of the defendant American Theatres Corporation.

All bills for plaintiff's deliveries of coal to the Rialto Theatre were mailed to the manager of the Rialto Theatre, who approved such bills and forwarded them to the administrative offices of the defendant Theatre Amusements, Inc. for payment.

All payments to the plaintiff for coal deliveries to the Rialto Theatre were made by checks drawn on the account of the defendant,

Theatre Amusements, Inc. The checks that issued bore the inscription, "Theatre Amusements, Inc., Rialto Theatre — Roslindale". That payments for the plaintiff's coal deliveries to the Rialto Theatre were entered in the disbursement journal of the defendant Theatre Amusements, Inc.

The plaintiff's ledger sheet for deliveries to the Rialto Theatre was maintained under the heading of "Rialto Theatre, 709 South St., Roslindale," and bore the additional inscription, "American Theatres Corp., 658½ Wash. St., Boston. Mr. Canter, head man."

The plaintiff's accounts receivable journal carried entries for coal deliveries to the Rialto Theatre only under the heading "Rialto Theatre".

The entries in the 1971 disbursement journal of the defendant American Theatres Corporation showed cash transfers to the defendant Theatre Amusements, Inc. of $927.83 on April 22 and $968.08 on November 29. The purpose of such transfers was to assist the defendant Theatre Amusements, Inc. to meet its operational expenses.

Both defendants maintain offices at 658½ Washington Street, Boston, Massachusetts, and share a common telephone number.

Edward S. Canter is president and treasurer of both of the defendant corporations. The defendant Theatre Amusements, Inc. is a wholly-owned subsidiary of the defendant

American Theatres Corporation. The defendant corporations have separate meetings of their respective stockholders and directors, and each of the defendant corporations keeps a separate independent record of its own meetings.

At the close of the evidence and before final arguments the defendant American Theatre Corporation, made. the following requests for rulings:

"1. As a matter of law, the plaintiff has the burden of proving all of the essential allegations of its declaration by a preponderance of the evidence. Court: *Allowed.*

"2. As a matter of law, the fact that the plaintiff's books of account showing entries for deliveries to the defendant Theatre Amusements, Inc. were entered under the heading, "Rialto Theatre, 709 South St., Roslindale" is evidence that the defendant Theatre Amusements, Inc., d/b/a Rialto Theatre, was liable for such deliveries, rather than the defendant American Theatres Corporation. Court: *Denied.*

"3. As a matter of law, the fact that coal deliveries by the plaintiff to the defendant Theatre Amusements, Inc. were paid for by the defendant Theatre Amusements, Inc., is evidence that the defendant Theatre Amusements, Inc., rather than the defendant American Theatres Corporation, was liable for such deliveries. Court: *Denied.*

"4. As a matter of law, the fact that amounts owing the plaintiff for coal deliveries to the Rialto Theatre, 709 South Street, Roslindale, Massachusetts, were posted on the books of the defendant Theatre Amusements, Inc., is evidence that the defendant Theatre Amusements, Inc. rather than the defendant American Theatres Corporation, was liable for such deliveries. Court: *Denied.*

"5. In the absence of a fraudulent purpose in the organization of a corporation the ownership of all the corporation's stock and control of the corporation's affairs do not warrant treating a parent and subsidiary as identical. Court: *Denied.*

"6. As a matter of law, the defendant American Theatres Corporation is not liable for coal delivered to the defendant Theatre Amusements, Inc. by the plaintiff because there is no evidence of any failure by either of the defendants to make it clear to the plaintiff that only the defendant Theatre Amusements, Inc. was to be liable for such deliveries. Court: *Denied.*

"7. As a matter of law, any oral agreement by the defendant American Theatres Corporation to answer for debts of the defendant Theatre Amusements, Inc., to the plaintiff is void for failure to conform to the requirements of the Statute of Frauds. Court: *Denied.*

"8. As a matter of law, on the basis of all the evidence, judgment for the defendant American Theatres Corporation is required because the defendant American Theatres Corporation did not order, receive, or undertake to pay for the goods identified in the plaintiff's declaration and Exhibit A annexed thereto. Court: *Denied.*

"9. As a matter of law, on the basis of all the evidence, judgment for the defendant American Theatres Corporation is warranted because the defendant American Theatres Corporation did not order, receive or undertake to pay for the goods identified in the plaintiff's declaration and Exhibit A annexed thereto. Court: *Warranted but not required.*"

The court found the following facts.

"1. The defendant American Theatres Corporation was a holding corporation for the defendant Theatre Amusements, Inc., d/b/a Rialto Theatre and others, and owned all the stock of Theatre Amusements, Inc.

"2. The officers, business address and telephone number were the same for both corporations.

"3. Although the coal in question was ordered by the manager of the Rialto Theatre, was delivered to the Rialto Theatre, and the name of Rialto Theatre, was carried on the plaintiff's books, there was sufficient intermingling of activity on the part of both defendant corporations engaged in a common en-

terprise as evidenced by periodic payments of money by American Theatres Corporation to Theatre Amusements, Inc. to assist it in meeting its operational expenses, all of which was, I find, to have been done without regard for the separate nature of the corporate entities.

"4. Theatre Amusements, Inc. acted as an agent of the American Theatres Corporation in dealing with the plaintiff."

The court found for the plaintiff against both defendants for $2,930.07.

The court was in error in denying the plaintiff's "request for rulings" two, three and four.

It must be assumed that the trial judge, before admitting into evidence the plaintiff's books showing entries for coal deliveries to the Rialto Theatre under the heading, Rialto Theatre, 709 South Street, Roslindale, covered in the second request for rulings, and the fact that coal deliveries by the plaintiff were paid for by the defendant Theatre Amusements, Inc., covered in the third request for a ruling, and that amounts owing the plaintiff for coal deliveries to the Rialto Theatre, 709 South Street, Roslindale, Massachusetts, were posted on the books of the defendant Theatre Amusements, Inc., covered in the fourth request for a ruling, found the preliminary facts required by G.L. c. 233, § 78. Such records form some evidence that the party charged is the one liable. *Bendett* v. *Bendett*, 315 Mass. 59, 61.

*Standard Oil Co. of N. Y.* v. *Malaguti,* 269 Mass. 126, 129.

The court's denial of these requests indicates that the matters covered therein were not considered as evidence that the defendant Theatre Amusements, Inc., rather than the defendant American Theatre Corporation, was liable for such coal deliveries. Regardless of how the trial judge feels about the sufficiency, credibility or weight of any particular piece of evidence, he has to consider it in making his finding. Since this evidence was not considered by the trial judge, and might have affected his finding, we consider it prejudicial error. *Lyman B. Brooks Co.* v. *Wilson,* 218 Mass. 205, 209.

The seventh request for a ruling, covering the statute of Frauds, was not argued before this Division and therefore we consider it as waived.

The fifth, sixth, eighth and ninth "Requests for Rulings", along with the facts found by the trial judge, raise the question whether the trial judge was warranted in finding for the plaintiff against both defendants, in the absence of fraud, on the ground that Theatre Amusements, Inc., acted as the agent of American Theatres Corporation, because there was sufficient intermingling of activity on the part of both defendant corporations, engaged in a common enterprise as evidenced by periodic payments of money by American Theatres

Corporation to Theatre Amusements, Inc., to assist it in meeting its operational expenses.

Although common ownership of stock of two or more corporations together with common management, standing alone, will not give rise to liability on the part of one corporation for the acts of another corporation or its employees, additional facts may be such as to permit the conclusion that an agency or similar relationship exists between the entities. Particularly this is true (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship, or (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting. *My Bread Baking Co.* v. *Cumberland Farms, Inc.*, 353 Mass. 614, 619.

The court did not find, nor did the facts indicate that there was any fraud or collusion practiced by the two defendants.

Looking at the evidence most favorable to the plaintiff, it does not appear that the two small cash transfers by the defendant Amer-

ican Theatres Corporation to the defendant Theatre Amusements, Inc., to assist the latter corporation in meeting its operational expenses, nor the occasional use of the manager of the Rialto Theatre at theatres of American Theatres Corporation, are instances where the corporate identities can be disregarded and the two defendants treated as identical or as agents of one another, so as to make them both liable to the plaintiff.

There is nothing to indicate that these two corporations were not genuine and separate entities having independent capital. So far as appears, each contracted its own debts and received its own revenues. They had separate meetings of their respective stockholders and directors and maintained separate records of such meetings. The coal was ordered by the manager of the Rialto Theatre and was delivered by the plaintiff. The plaintiff mailed all bills for deliveries of coal to the manager of the Rialto Theatre, who approved such bills, and forwarded them to the administrative offices of the defendant Theatre Amusements, Inc. for payment. Theatre Amusements, Inc. in turn made payment by check, drawn on its account. Payments for the plaintiff's coal delivered to the Rialto Theatre were entered in the disbursement journal of the defendant Theatre Amusements, Inc. There is nothing in the record to show that the manager of the Rialto Theatre ever dealt with the plaintiff

while he occasionally worked in theatres owned by American Theatre Corporation.

These facts do not indicate a confused intermingling of activity of the two defendant corporations, coupled with a substantial disregard of the separate nature of the two corporations or serious ambiguity about the manner and capacity in which the two corporations and their respective representatives were acting within the language of *My Bread Baking Co.* v. *Cumberland Farms, Inc.,* 353 Mass. 614, 619.

This case is remanded for a new trial.

**Finding for the plaintiff vacated.**

**New trial ordered.**

IRA A. NAGEL
   for Plaintiff