MANUEL Z. SHERMAN *vs.* JAMES F. PRITCHARD. May 30, 1975. 1. There was no error in the trial judge's post-verdict allowance of the plaintiff's motion to amend his declaration to make the statement of the case conform to the evidence. *Pizer* v. *Hunt,* 253 Mass. 321, 331 (1925). The amendment leaves the defendant's exceptions to the denial of his motions to strike the auditor's report in whole or in part (as well as the second ground for his motion for a directed verdict) without basis. 2. The record before us does not disclose any objection or exception either to the judge's alleged refusal to give certain requested instructions or to that part of the judge's charge which the defendant now claims to have been erroneous. See *Notkin* v. *Epstein,* 335 Mass. 769 (1957). In any event, on the evidence before the trial court, there was no error in either regard. Nor is it made to appear that any exception was taken to the judge's denial of the defendant's motion for a directed verdict, which denial was proper as the jury's verdict for the plaintiff (including the amount of damages awarded) was warranted on the basis of the auditor's report and other evidence before the jury. We consider the appeal to be frivolous and intended for delay. Judgment is to be entered on the verdict, with double costs and interest at the rate of twelve per cent per annum from July 25, 1974. G. L. c. 211A, § 15.

*So ordered.*

*Daniel M. Funk (William T. Talcott, Jr.,* with him) for the defendant.

*Mack M. Roberts* for the plaintiff.

LAWRENCE TEXTILE SHRINKING CO., INC. *vs.* ABE MEDNICK. May 30, 1975. There was no error in the denial of the defendant's second motion for a new trial based on the ground (as asserted in the motion and argued in the defendant's brief) that the plaintiff's president and sole witness had committed perjury during the course of the trial. The trial judge, to whom the case was tried without jury, made clear, both by his remarks during the hearing on the motion and by the language employed by him in denying the defendant's third request for a ruling submitted in connection with the motion, that he did not believe the witness had perjured himself. Judgment is to be entered for the plaintiff in accordance with the amended findings and rulings dated December 19, 1973, with double costs and interest at the rate of twelve percent per annum from August 6, 1974.

*So ordered.*

*George W. Gold,* for the defendant, submitted a brief.

*David E. Neitlich* for the plaintiff.