RICHARD M. DRAY & another *vs.* RICHARD VARDENSKI. December 8,
1976. This is an appeal from a final judgment of the Housing Court of
the City of Boston for possession and rent, entered in a summary
process action. 1. The tenant's first contention is that the judge abused
his discretion under Mass.R.Civ.P. 81(a), as amended, 367 Mass. 917
(1975), in denying his discovery motion.[1] At the time the discovery
motion was heard, discovery in the Housing Court was governed by
Rule 21 of the Preliminary Rules of the Housing Court of the City of

---

[1] Rule 81(a)(7) provides that the Massachusetts Rules of Civil Pro-
cedure do not govern summary process proceedings. The second para-
graph of Rule 81(a) states that "[i]n respects not governed by statute,"
the practice shall follow the course of the common law. However, the
Preliminary Rules of the Housing Court of the City of Boston (1972),
adopted and promulgated pursuant to G. L. c. 185A, § 7, governed dis-
covery in the instant case.

Boston (1972).[2] In view of the tenant's failure to meet the specified time limitations imposed by Rule 21 for requesting discovery, the judge did not abuse his discretion in denying the motion for discovery. 2. The tenant's second contention is that he was entitled to relief from judgment under Mass.R.Civ.P. 60(b)(2) and 60(b)(6), 365 Mass. 828, 829 (1974),[3] because the landlord failed to inform him that he was entitled to assistance under the HUD rent supplement program. In order for the moving party to secure relief under Rule 60(b)(2) he must demonstrate that he has "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." (Rule 59[b], 365 Mass. 827 [1974], provides that a motion for a new trial must be made not later than ten days after the entry of judgment.) The record reveals that the tenant was dilatory in his efforts to secure discovery. (He indicated in his affidavit that he and his attorney were aware of the HUD rent supplement program "early" in the summer of 1975.) The tenant did not exercise due diligence in his efforts to discover whether he was eligible for a rent subsidy, and his motion under Rule 60(b)(2) was properly denied. There was no other reason justifying relief from judgment under Rule 60(b)(6). 3. We do not deal with the tenant's final argument, that the judge, in denying his motion for discovery, violated his right to due process as protected by the Fourteenth Amendment to the United States Constitution. The tenant has failed to establish what process was due or denied. Compare *Hahn* v. *Gottlieb,* 430 F.2d 1243, 1246-1247 (1st Cir. 1970), with *Langevin* v. *Chenango Court, Inc.* 447 F.2d 296, 303 (2d Cir. 1971). Accordingly, we decline on the record before us to express any view on the Federal constitutional implications of the landlord-tenant relationship in federally assisted housing units.

> *Order denying relief from*
> *judgment affirmed.*
> *Judgment affirmed.*

*James H. Wexler* for the defendant.
*Willard J. Stievater* for the plaintiffs.


---

[2] The Preliminary Rules of the Housing Court of the City of Boston were adopted on September 20, 1972. The new Housing Court of the City of Boston Rules and Forms for Summary Process Actions, including Rule 4 governing depositions and discovery, went into effect on September 1, 1976.

[3] The Preliminary Rules of the Housing Court of the City of Boston (1972) had no counterpart of the present Mass.R.Civ.P. 60. Both parties have proceeded on the assumption that Rule 60 applied to this case. We express no opinion on that point at this time.