KAREN LEVENSON, administratrix, *vs.* BROCKTON TAUNTON GAS COMPANY (and two companion cases). October 31, 1977. 1. We do not consider the question of the competency of the fire chief to testify that no gas was involved in the fire which occurred on January 25, 1970, because no appeal was taken from the judgments and because no such question was raised by the first set of appeals in these cases. See *Levenson* v. *Brockton-Taunton Gas Co.,* 3 Mass. App. Ct. 799 (1975). 2. There was no abuse of discretion in denying the common plaintiff's motions for reconsideration of her original motions for a new trial or her consolidated motion for a new trial based on (allegedly) newly discovered evidence and which, as amended, also sought relief under Mass.R.Civ.P. 60(b)(3), 365 Mass. 828 (1974). It is clear from the truncated portions of the 1973 pretrial deposition of the defendant's general superintendent and the 1974 trial transcript which have been reproduced in the appendix and the narrative of events found in the plaintiff's present brief that she had no legitimate basis for claiming unfair surprise concerning, or misrepresentation or deception by the defendant (or its counsel) in connection with, the (alleged) nondisclosure of information as to the type and model of gas pressure regulator which had been installed in the premises and which, for some unexplained reason, had apparently disappeared following the fire. The plaintiff already knew (from her own expert) the size of the regulator and the name of its manufacturer prior to the deposition; the interro-

gation of the deponent and his answers (none of them shown to be un-
true) had been confined to what appeared from the written records of
the defendant which were in existence at the time of the deposition
(and which did not include a written report of the results of a test
not performed until some seven or eight months following the conclu-
sion of the deposition); the deponent had supplied the names of the
three employees of the defendant who, according to the records, had
investigated the premises on the day of the fire (and one of whom was
subsequently called by the defendant to testify at trial); but the de-
ponent had not been asked, nor had he volunteered any information
as to, whether there might be some employee not referred to in the
records who could identify the type and model of regulator. The ques-
tions to and answers of the deponent, when called by the plaintiff to
testify on the second day of a ten-day trial, did not differ in any ma-
terial respect from what they had been on deposition, and counsel did
not pursue the witness's advice that he had "sent [a man] to ascertain
the cause of what occurred at the premises." Counsel for the plaintiff
voiced no objection on any of the grounds now urged (or on any other
ground) when the defendant, on the sixth day of trial, produced an
employee whose identity had not been discovered by counsel for the
defendant until the trial was in progress and who testified to the exact
type and model of regulator he had observed in the premises on the
day of the fire. All the grounds for a new trial now urged should have
been obvious to, but none of them was voiced by, counsel during the
course of trial or prior to the entry of the judgments, from which no
appeals were taken; none of those grounds has any factual foundation
or legal merit. The present appeals are illustrative of a regrettable
tendency to attempt belated or successive bites at the appellate apple.
See and compare *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of
Admn. & Fin.,* 369 Mass. 562, 565-566 (1976); *Nolan* v. *Weiner,* 4
Mass. App. Ct. 800 (1976); *Dray* v. *Vardenski,* 4 Mass. App. Ct. 861
(1976); *Artco, Inc.* v. *DiFruscia, ante,* 513, 516-518 (1977). The
appeals from the orders of July 31, 1975, denying the consolidated
motion for reconsideration of the original motions for a new trial are
dismissed for failure of the plaintiff to effect timely assembly of the
records (*Westinghouse Elec. Supply Co.* v. *Healy Corp., ante,* 43, 56-
57, 60-61, 62 [1977]); the orders of April 20, 1976, denying the mo-
tions for a new trial filed on October 22, 1975 (as amended on April
20, 1976), are affirmed, with double costs.

*So ordered.*

*Charles F. Nayor* (*Bernard A. Miller* with him) for the plaintiff.
*Carl G. Bergstedt* for the defendant.