Keith KNAPP
vs.
Ward CRAMER

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

January 10, 1980

Thomas F. Quinn for the plaintiff.
John F. Gollinger for the defendant.

Present: Lee, P.J., Welsh & Hurd, JJ.

HURD, J. This is an action for labor and materials furnished to the defendant, in which there was a finding for the plaintiff in the amount of $750.00. Judgment entered on December 20, 1977. We are now asked to determine whether prejudicial error was committed by the allowance, by a judge other than the trial judge, of the defendant's motion to supercede (sic) execution and file appeal late. Said motion was filed on March 7, 1978, nearly two months after judgment was entered.

We shall treat the defendant's motion to supersede execution and to file appeal late

as a motion for relief from judgment under Rules 60(b) (1) and 62(b) of the Dist./Mun. Cts. R. Civ. P., which provide for relief from a final judgment by reason of "excusable neglect," and for stay of execution pending disposition thereon.

While we recognize that a judge acting on such a motion has broad discretion, see **Spaneas v. Attleborough Sav. Bank,** Mass. App. Div. Adv. Sh. (1978) 157, 159, we find error here inasmuch as that which the trial court found to be excusable neglect on the defendant's part was simply not excusable neglect.

It appears that the defendant's attorney of record, at the time of the trial on the merits, relocated his offices shortly after trial, and was succeeded as defense counsel by another attorney practicing at the former address.[1] Notice of judgment was forwarded unopened to the original attorney at his new address. It seems that neither counsel became aware of the entry of judgment until the time for preserving appellate rights, if any, had expired.

A leading authority treats the term "excusable neglect" under Dist./Mun. Cts. R. Civ. P. 60(b)(1) as follows:

"The excusable neglect clause of the section has been frequently interpreted. It seems clear that relief will be granted only if the party seeking re··· ·ᶠ demonstrates that the mistake, misu⌐ ⌐anding, or neglect was excusable and was not due to his own carelessness. See **Petition of Pui Lan Yee,** 20 F.R.D. (N.D. Cal. 1957); **Kahle v. Amtorg Trading Corp.,** 13 F.R.D. 107 (D.N.J. 1952). The party seeking the relief bears the burden of justifying failure to avoid the mistake or inadvertence. The reasons must be substantial" (emphasis added). J. Smith and H. Zobel, Rules Practice s. 60 at 462 (8 Mass. Practice Series (1975).

A case cited by the reporter, supra, was that of **Standard Newspapers, Inc. v. King,** 375 F.2d 115, 116 (2d Cir. 1967), wherein misplacing papers in the excitement of moving an attorney's office was found not be excusable neglect. In **Pasquale v. Finch,** 418 F.2d 627, 630 (1st Cir. 1969), a notice of entry of judgment received by the Justice Department, but not brought to the attention of the responsible attorneys due to a mishandling of the mails, was held not to constitute excusable neglect. In **Brahms v. Moore-McCormack Lines, Inc.,** 18 F.R.D. 502, 503 (S.D.N.Y. 1955), a showing of excusable neglect was not made by evidence that the attorney of record was unaware judgment had been entered because of a misfiling of the motion in the attorney's office.

We determine the facts in this case to require a finding that notice was received by the attorney of record at the office address indicated on his appearance slip and occupied by him at the time of trial. However, by reason of a failure on his part to properly anticipate what ultimately took place and to take steps to avoid such a result, he and the attorney succeeding him remained unaware of the notice. We believe the attorney was negligent in failing to take steps to assure receipt of the notice, and that he had a duty as attorney of record to inquire of the clerk's office or of his associate as to the status of a case which had recently been tried. We also note that there is nothing in the record to indicate why, if notice of judgment was received on December 31, 1977, no further action was taken by the attorney for the defendant until March 7, 1978. We find "neglect" but no "excuse."

Not only do we not find excusable neglect, but we also conclude that the circumstances surrounding the failure to seasonably move to stay execution were not so unique or extraordinary as to require relief to prevent some injustice. See **Dugan v. Missouri Neon & Plastic Advertising Co.,** 472 F.2d 944, 948 (8th Cir. 1973); **Maryland Casualty v. Conner,** 382 F.2d 13, 17 (10th Cir. 1967).

We also viewed the equities of the situation, such as the importance of the matter under consideration and the degree of prejudice to the parties dependent on the

---

[1] Appearance of successor attorney was entered two months after execution issued.

[1] Alfred J Luoni, Elliott Mac Swan, Lisa La Breque, Wilfred L. Dwyer, John E. Harris, and F. Cliff Pearce, as they are members of the Old King's Highway Regional Historic District Commission.

512

allowance or disallowance of the motion. See Coady v. Aguadilla Terminal, Inc., 456 F.2d 677, 678 (1st Cir. 1972); Smith v. Jackson Tool & Die, Inc., 426 F.2d 5, 8 (5th Cir. 1970). We note that the damages sought by the plaintiff amounted to the relatively insignificant sum of $790.00, an amount slightly in excess of the small claims limit of $750.00 provided by G.L. c. 218, s. 21; that the issue to be resolved as to the amount owed for labor and materials was not a complex one; and that the defendant has had his "day in court" by way of a trial on the merits. It seems to us that the plaintiff was unduly prejudiced by the allowance of the motion, as a result of which he would be required to expend further time and funds on the retrial of issues already heard and determined.

Our rules of court are to be "construed to secure the just, speedy, and inexpensive determination of every action." Dist./Mun. Cts. R. Civ. P. 1. The discretion of a judge to vacate a judgment should be exercised so as to promote an orderly and proper administration of justice. Carelessness and laxity should not be encouraged. Alpert v. Mercury Publishing Co., 272 Mass. 43, 45 (1930).

We reverse the order entered on March 29, 1978 which allowed the defendant's motion to supersede execution and file appeal late.

So ordered.
J. Hurd