Elam, C.J.
This is an action of tort in which the plaintiff seeks to recover for damages sustained to real property allegedly caused by the defendant’s negligence in carelessly setting fire to the premises of the plaintiff located at 24 Euston Street, Brookline, Massachusetts, on or about February 7, 1978.
The plaintiff through his counsel filed a complaint in the Boston Municipal Court on September 30, 1978, seeking damages in the sum of $3,500.00, together with interest from February 7, 1978. Service of the summons and complaint, according to the return of the deputy sheriff, was made by leaving copies of the same at 24 Euston Street, Brookline, Massachusetts, allegedly the defendant’s last and usual place of abode. On December 4, 1978, default was entered against the defendant for failure to file a responsive pleading. On January 11, 1979, an affidavit was filed by the plaintiffs attorney, Richard J. Mercer, stating under the pains and penalties of peijuiy that the defendant resided at 68 Kirkland Street, Apartment 603, Cambridge, Massachusetts. On May 25,1979, the plaintiffs attorney, Richard J. Mercer, filed a motion to increase the ad damnum from $3,500.00 to $40,000.00 certifying that he sent a copy of said motion on May 22,1979, to defendant at 83 Ivy Street, Third Floor, Brookline, Massachusetts. Said motion was allowed. On August 3, 1979, Attorney Mercer filed a request to default the defendant under Dist/Mun.Cts.R.Civ. P.,Rule 55 (a) and as a result the defendant was defaulted on August 4,1979. On October 10,1979, the plaintiff filed a request for a default judgment stating by way of affidavit that as of October 4,1979, the defendant ‘ ‘is at present last resident at 83 Ivy Street, Brookline, Massachusetts. ’ ’ Judgment by default was granted on October 23, 1979, and damages assessed in the sum of $38,669.09. On September 24, 1980, the defendant through his counsel filed a motion for relief from judgment alleging therein that he was never served with a summons and complaint and that a summons and complaint were never delivered to an address at which he was residing. This was further detailed in an accompanying affidavit which was incorporated in the report. The plaintiff’s counsel also filed an affidavit in opposition to the motion for relief from judgment. After hearing and reservation, the court allowed the defendant’s motion for relief from judgment. The plaintiff being aggrieved by the court’s action reported the the same to the appellate division.
The issue presented to this panel is whether the judge abused her discretion in allowing the motion for relief from judgment. We rule that she did not.
First, the service that was initially made in this case is at the very least highly *192 questionable. The defendant’s statements in his affidavit that the apartment in which he lived with two roommates located at 24 Euston Street, Brookline, Massachusetts, sustained damage as a result of a fire on February 7, 1978; that at the time he was out of the apartment; and that he subsequently moved in February to 43 Kirkland Street, Cambridge, would all seem to indicate, if believed, that his last and usual place of abode at the time of service was not 24 Euston Street, Brookline, Surely the plaintiff landlord, given the extent of the damage alleged at the Euston Street address, knew or should have known that on the date of the service in this matter the defendant was not living there. As the court in Kesler v. Prichard, 362 Mass. 132(1972) said at Page 135, “the affidavit of defense is sufficient to put in issue the question of notice. By its terms the defendant did all that he could reasonably have done to contradict the plaintiff’s assertion that notice had in fact been served upon him.” See also Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 604. The judge, then, could have found that there being no valid service judgment was thereby void and that Dist./Mun.Cts.R.Civ.P., Rule 60B(4) was applicable. See Regan v. Liberty Mutual Insurance Co., 305 Mass. 186 (1940).
Further, Rule 60B(6) permits the granting of relief from judgment whenever the judge determines such action is necessary to accomplish justice. Surely where damages in excess of $30,000 are being sought in an action in which negligence is alleged, the court may very well have felt after considering the defendant’s affidavit that there was a meritorious defense to the action and that justice required that the matter be heard on the merits.
In any event, there were clearly enough facts brought to the court’s attention by way of the defendant’s affidavit to indicate to this panel at least that the judge did not abuse her discretion in allowing the motion. For a reversal of the judge’s action in this matter, it would have to be shown that the action taken by the judge in the instant case was such that no conscientious judge acting intelligently could honestly take it. Gurney v. McIntire’s Dairy, Inc., 50 Mass. App.Dec. 46 (1972). See also Davis v. Boston Elevated Railway Co., 235 Mass. 482; Bresnahan v. Proman, 312 Mass. 97; and Daddario v. City of Gloucester, 329 Mass. 297. This is clearly not the case. Report dismissed.