Pino, J.
This is a case wherein an agreement for judgment was entered by the parties and accepted by the court. Subsequently, the defendant filed a motion to vacate the judgment and, in effect sought a judgment to enter for a lesser amount. A hearing was held at which both parties appeared and were heard. The defendant relied upon affidavits in which it was stated that there was an agreement that an amount smaller than the original judgment would satisfy the claim of the plaintiff. Partial payment, which was not denied by the plaintiff, was made to the plaintiff. The defendant stated further that he offered the balance of the agreed amount after the due date. He stated the delay was not caused by the defendant but by the unavailability of the plaintiffs counsel. Further, the *247 defendant stood ready, willing and able to pay the balance forthwith. The court ruled in favor of the defendant and entered judgment for the plaintiff in the amount of the balance due as alleged by the defendant.
The plaintiff alleged that there was no basis upon which the trial court should have allowed the defendant’s motion.
We disagree. Implicit in the action of the court, the trial justice must have believed the evidence as presented by the defendant. As a result, the court, in order to achieve a just result based upon its beliefs and findings, exercised its judicial discretion in allowing the motion of the defendant.
We find no basis upon which to rule that there was an abuse of discretion on the part of the trial judge.
For reversal of the judge’s action, it would have to be shown that the action of the judge was such that no conscientious judge, acting intelligently, could honestly take it. Mass. R. Civ. P., Rule 60(b); Gurney v. McIntire’s Dairy, Inc, 50 Mass. App. Div. 46 (1972); Davis v. Boston Elevated Railway, 235 Mass. 482 (1920); Bresnahan v. Proman, 312 Mass. 97 (1942); and Daddario v. City of Gloucester, 329 Mass. 297 (1952).
Report dismissed.