Cowdrey, P.J.
This is an action to recover monies in the sum of $37,252.93 which were allegedly diverted from the plaintiff corporation by its former employee, the defendant. The sole question for review is whether the trial justice abused his discretion in allowing the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60(b) motion for relief from judgment.
On October 21, 1980, the plaintiff filed a three paragraph complaint which identified both parties and then alleged that:
“the Defendant owes the Plaintiff the sum of $37,252.93 together with interest for monies wrongfully taken from it by the Defendant in accordance with the account hereto annexed and marked Exhibit ‘A’ and made a part hereof.”
Exhibit A, which is captioned “monies Diverted by John M. Butler,” consists of a two column list of dates and monetary sums. Service of process was effected on October 24,1980; and the defendant’s residential property was attached upon allowance of plaintiffs ex parte motion on October 30, 1980.
On November 21,1980, the plaintiff secured a Dist./Mun. Cts. R. Civ. P., Rule 55(a) entry of default against the defendant for his failure to file anwers to interrogatories propounded by the plaintiff. Notice of the same was issued by the trial clerk. On January 19, 1983, a Dist./Mun. Cts. R. Civ., P., Rule 55(a) (1) *42 default judgment was entered against the defendant at the plaintiff s request in thesumof$38.184.13. Execution issued on February 6,1981. Levy of execution culminated, with appropriate prior notice to the defendant, in the April 9, 1981 sheriff s sale of the defendant’s residence to the plaintiff corporation for the sum of $25,000.00. The report states that the plaintiffs deed was recorded, and that the execution was returned as partially satisfied to the trial court on May 11, 1981.
On July 17, 1981, the defendant submitted a Motion for Relief From Judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rules 60(b)(1), (b)(3), (b)(5) and 62 which was supported by the affidavits of the defendant and Attorney Michael S. Kinson. The latter averred':
(1) that he was retained by the defendant on January 13,1981 in defense of criminal charges instituted by the plaintiff against the defendant for altering corporate documents and larceny over $100.00; (2) that he was informed at several pre-trial conferences that plaintiff alleged the diversion of $40,252,93 by the defendant; (3) that, in his opinion, sufficient evidence existed only to establish beyond a reasonable doubt that $8,000.00 had been diverted by the defendant; (4) that in consequence of several pre-trial conferences, the defendant and representatives of the plaintiff entered into a plea-bargaining agreement on June 17,1981; and (5) that the defendant admitted to sufficient facts and was found guilty of one count of larceny to the value of $8,000.00, was placed on probation for two years, was ordered to make restitution in the sum of $8,000.00 within ten months, and that the two criminal counts of altering corporate documents were dismissed.
Attorney Kinson also averred that the defendant believed, based on representations of the parties, that the plaintiff would take no further criminal or civil action against him subsequent to a 1980 transfer by the defendant’s spouse to the plaintiff of all shares of stock owned by her in the plaintiff corporation.
The affidavit submitted by the defendant: (1) restated the disposition of the criminal charges brought against him in 1981, including the $8,000.00 restitution order; (2) averred that his wife, Jean A. Butler, had transferred in September, 1980 all shares of stock which she owned in the plaintiff corporation as “payment in full for amounts allegedly owed by me to the plaintiff,” (3) alleged that approximately $26,985.54 of the amount claimed by the plaintiff and awarded to it by default judgment was not diverted by the defendant, but instead improperly included the sum of $1,025.57 in checks rightfully due the defendant and other Pleasant Travel employees and the sum of $21,412.00 which represented a loss suffered by the plaintiff in the ordinary course of business.
The plaintiff did not submit a counter-affidavit in opposition to the defendant’s Rule 60 motion.
The defendant’s motion for relief from judgment was allowed, after hearing, on October 30, 1981. The trial justice entered extensive subsidiary findings and rulings in connection with his Rule 60 order, which included the following:
Plaintiff filed no counter-affidavit setting forth facts contradicting defendants affidavit... [and] relies instead on its claim that none of the grounds for granting relief set forth in the Rule 60(b) (1) through 60(b) (5) has application to the defendant. The Court does not address itself to these specific grounds because it believes relief should be had under Rule 60(b) (6).
The Court finds that there is extraordinary and unusual circumstances justifying relief from judgment within proscribed limits. Defendant’s allegations of errors in computation, duplication and partial *43 payment are worthy of judicial inquiry ...
The Court finds that in equity and good conscience the judgment by default should not be enforced. The defendant was facing criminal proceedings and conviction for his defalcations which were not resolved until June 19,1981, more than two months after the sheriffs sale of his home. The amount of restitution was a sum of $8,000.00 which is considerably less than the amount claimed by the plaintiff. The reasons set forth for not defending this action have merit, that restitution, credits by way of offset, the transfer of his wife’s stock, led both the defendant and his wife to believe no further action would be taken ... Both acted promptly to attack the validity of the judgment, execution and sale when plaintiffs summary process action was commenced against them. Additionally, the Court is mindful, that defendant’s failure to answer and defend the action may have been prompted in part by the affect it might have on the criminal proceedings, which did not conclude until two months after the sheriffs sale.
The relief to be granted to the defendant is limited to assessment of damages.
The plaintiff is not greatly harmed by this relief granted to the defendant. It still has a real estate attachment on record against the defendant and is record holder of defendant’s interest in the real estate.
The Court is also mindful that plaintiffs title is subject to defendant’s right of redemption and that this matter may be heard on the merits before the expiration of this redemption period.
Pursuant to the above, the Court orders:
1. That the execution issued by this Court be stayed and the same superseded.
2. That this action be set down for an assessment of damages ...
3. That defendant shall not be entitled to a set-off of the value of stock transferred by his wife ... to the plaintiff unless otherwise agreed to by the parties.
4. Plaintiffs attachment in the amount of $40,000.00 against defendant’s interest in the property ... shall remain in full force and effect from the date of its issuance by this court on October 22, 1980.
5. Bond in the matter is hereby fixed in the amount of $40,000.00 secured by said real estate.
6. After assessment of damages, judgment to be entered for the plaintiff in that amount retroactive to January 19, 1981.
1. It is unnecessary for us to consider whether the trial court's allowance of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60 motion for relief from judgment constituted an interlocutory ruling from which no immediate appeal could be taken by the plaintiff. See Hart v. Keoveney, 1980 Mass. App. Div. 59, 60; Zeidman v. Doherty, Mass. App. Div. Adv. Sh. (1979) 423, 424. The trial justice not only appropriately identified this appeal as a voluntary report, issued in the exercise of his G.L.c. 231, §108 and Rule 64(d) discretion , but also properly and expressly certified the question for review as one that “so affects the merits of the controversy that it ought injustice to be determined by the Appellate Division before further proceedings are had.” See Foreign Auto Import, Inc. v. Renault Northeast, Inc., 367 Mass. 464, 467 (1975); John Gilbert Jr. Co. v. C. M. Fauci Co., 309 Mass. 271, 273 (1941). This Division has consistently counseled that the voluntary report of an interlocutory order should be accompanied by just such a written certificate. Bohlin v. Camille, 1982 Mass. App. Div. 286, 287; Dufresne-Henry Eng. Corp. v. Murphy, 1980 Mass. App. Div. 126, 127; Barnette v. Commer *44 cial Union Ins. Co., 55 Mass. App. Dec. 3, 5 (1974); Zimmerman v. Ferreira, 50 Mass. App. Dec. 24, 25 (1972); Heydt v. Cunningham, 21 Mass. App. Dec. 180, 183 (1961); Pokrant v. Horrigan, 20 Mass. App. Dec. 1, 2, (1960).
2. Accepting as true the uncontroverted allegations of the affidavits submitted by the defendant, Farley v. Sprague, 374 Mass. 419, 424, (1978), we find no error in the trial court’s allowance of the defendant’s Rule 60(b) motion for relief from judgment.
Our investigation of possible error in narrowly circumscribed by the well-established standard of review for Rule 60(b) dispositions; namely, whether such disposition constituted an abuse of discretion by the trial justice as a matter of law. Trustees of Stigmatine Fathers Inc. v. Secretary of Adm’n & Fin., 369 Mass. 562, 565 (1976); Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976). The focus of appellate inquiry is not, therefore, whether the appellate court could or would have reached a different decision on the motion, set Johnson Acoustics, Inc. v. Singh, 1980 Mass. App. Div. 35, but whether or not the trial court’s decision was clearly the product of an “arbitrary determination, capricious disposition or whimsical thinking.’’ Davis v. Boston Elev. Rwy., 235 Mass. 482, 496 (1920). The extensive findings by the trial court herein clearly remove its allowance of the defendant’s Rule 60(b) motion from the the realm of the vagarious, capricious or idiosyncratic.
The defendant’s allegations of “errors in computation, duplication and partial payment” of the amount of allegedly diverted funds sought by, and awarded to, the plaintiff must be deemed the assertion of a meritorious defense to this action, as it is one ‘ ‘ worthy of judicial investigation because raising a... real controversy as to material facts.” Robinson v. Lyndonville Creamery Assoc., 284 Mass. 396, 399 (1933). See also Mullen Lumber Co. v. F. P. Associates, Inc., Mass. App. Ct. Adv. Sh. (1981) 869, 870; Naughton v. First Nat’l Bk. of Boston, 4 Mass. App. Ct. 624, 627 (1976). Second, the $38,245.73 default judgment awarded to the plaintiff, and now contested by the defendant, does not constitute an insignificant sum. “Matters involving large sums should not be determined by default judgment if it can be reasonably avoided.” Hutton v. Fisher, 359 F.2d 913, 916 (1966). See also U. S. ex rel Mercer v. Kelly, 50 F.R.D. 149, 150 (E.D.Pa.1970). Compare Knapp v. Cramer, 1980 Mass. App. Div. 11, 12. This procedural prescription is particularly pertinent in this case wherein substantial doubt has been cast upon the rather scant allegations of the plaintiff’s complaint.
Third, the chronology of events herein does not conclusively betray a “consciously chosen course of conduct” on the defendant’s part. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). On the contrary, the trial justice was free to accept the defendant’s uncontroverted averments that his failure to answer the plaintiff’s complaint stemmed from an honest, though mistaken, belief that he had effected a full settlement of the plaintiff s claim in the form of his wife’s transfer of her stock to the plaintiff corporation. See Killion v. Whoriskey, 1980 Mass. App. Div. 37, 38. This belief, coupled with the defendant's apparent preoccupation with contemporaneous criminal prosecutions, could have been deemed sufficient by the trial court to excuse the defendant’s default.
We note further that the trial justice has accorded relief to the defendant within narrowly confined limits. The conditions imposed upon the allowance of the defendant’s Rule 60 motion should serve to restrict severely, if not eliminate, any apparent prejudice which could befall the plaintiff upon the restoration of this case to a triable status. Finally, the defendant may be considered to have satisfied the time requirements of Rule 60(b) which mandate the submission of a motion within a “reasonable time” not less than one year after judgment. It is *45 clear that the defendant cannot be accused of proceeding with noticeable celerity, and that his conduct in this regard has been anything but commendable. Nevertheless, as the criminal actions against the defendant were not concluded until June 17, 1981, the trial court’s ruling that the defendant acted with reasonable promptness in filing his Rule 60 motion one month later cannot be termed an abuse of discretion.
3. As the defendant has advanced facts roughly cognizable as grounds for Rule 60(b)(1) relief, we reject the plaintiff’s contention that it was error for the trial court to issue its order pursuant to Rule 60(b)(6). See Euston Realty Co. v. Lewis, 1981 Mass. App. Div. 191, 192. It may be noted that a motion pursuant to Rule 60(b)(6) is appropriate only when premised upon some reason other than those traditionally subsumed under Rule 60(b)(1)-(5). Murphy v. Administrator of the Div. of Personnel Adv., 377 Mass. 217, 228 (1979); Dray v. Vardenski, 4 Mass. App. Ct. 861, 862 (1976). The defendant has not, however, improperly resorted to Rule 60(b)(6) to avoid the time strictures of Rule 60(b)(1)-(5), see Artco, Inc. v. DiFruscia, 5 Mass. App. Ct. 513, 517 (1977), and did not, in fact, in any manner seek relief pursuant to subsection (b)(6).
4. Rule 60 of the Dist./Mun. Cts. R. Civ. P. is “remedial in character, subject to a liberal interpretation and uniquely designed to promote the salutary and fundamental judicial precept that legal controversies should be decided upon their merits.” Berube v. McKesson Wine & Spirits Co., supra at 429. With this policy in mind, we conclude that the report before us does not advance unequivocal evidence that the trial court’s allowance of the defendant’s motion for relief from judgment constituted action which “no conscientious judge, acting intelligently, could honestly have taken." Schultz v. Black, 369 Mass. 958 (1975); Justen's Inc. v. Tannar, 1981 Mass. App. Div. 246, 247; Federal Land Bank of Springfield v. Torres, 10980 Mass. App. Div. 200, 201.
There being no error, the report is dismissed.