Doyle, P.J.
The genesis of this action was an accusation of shoplifting publicly leveled against the plaintiff on September 24, 1982 by employees of a supermarket located at 310 Mishawum Road, Woburn, Massachusetts. The market is owned and operated by the present defendant, DeMoulas Supermarkets, Inc. (“DeMoulas”). At issue on this appeal is the propriety of the trial court’s refusal to grant Dist./Mun. Cts. R. Civ. P., Rule 60(b) relief to DeMoulas, which corporation was not added as defendant until the filing of the plaintiffs post-judgment motion to amend her complaint, or served with process at any time during the course of these proceedings.
The plaintiff commenced this action in tort against Market Basket Produce, Inc. (“Market Basket”) to recover damages for false arrest and imprisonment, assault and battery and slander. A summons and copy of the complaint were served on August 9, 1984 upon one Evan Themeles as purported agent and employee of Market Basket. Pursuant to the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 55(a) request, a default was entered against Market Basket on September *164 6, 1984. A hearing for the assessment of damages was held on October 12, 1985. Approximately two years later, on November 4, 1986, judgment was entered for the plaintiff against Market Basket in the sum of $31,000.00.[1]
On November 5,1986, the plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 15(a) motion to amend the complaint by substituting DeMoulas Super Markets, Inc. for the original defendant, Market Basket Produce, Inc. Said motion alleged that an amendment was necessary to correct the Market Basket “misnomer” which resulted from the utilization of the Market Basket name by three separate corporations, including DeMoulas. A default judgment was then entered on November 5,1986 against the, new defendant, DeMoulas.
Market Basket thereafter filed a motion to vacate the default judgment. Supporting affidavits filed by David P. Lane, Comptroller of DeMoulas and Angelo Bliopoulos, President of Market Basket, indicated that the Woburn supermarket in question on Mishawum Road was owned and operated by DeMoulas; and that Evan Themeles was not a servant, agent or employee of Market Basket, the corporation initially sued. This motion a,nd a.motion for reconsideration were denied.
On December 12,1986, defendant DeMoulas Super Markets, Inc. submitted a motion for relief from judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b)(1), (b)(4) and (b)(6). This motion was predicated on DeMoulas’ assertions that it was a corporation separate and distinct from Market Basket and that it had not been served in accordance with Dist./Mun. Cts. R. Civ. P., Rule 4(d)(2). It is the trial court’s denial of this Rule 60(b) motion which is at issue on this appeal.
1. As the default judgment entered against DeMoulas Supermarkets, Inc. was void, the defendant’s motion for relief from judgment should have been allowed pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b)(4).
The plaintiff correctly contends that her post-judgment resort to Dist./Mun. Cts. R. Civ. P., Rule 15 to amend the complaint by substituting a new defendant was not per se improper.[2] The prevailing Rule 15 policy in this Commonwealth is one of liberal amendment; a motion seeking such relief is ordinarily allowed in the absence of a compelling reason to the contrary.[3] Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289-290 (1977). Rule 15 is routinely utilized to add or substitute necessary parties. See, e.g., Henderson v. D’Annolfo, 15 Mass. App. Ct. 413, 428 (1983); Quimby v. Zoning Board of Appeals, 19 Mass. App. Ct. 1005, 1007 (1985); Rafferty v. Sancta Maria Hospital, 5 Mass. App. Ct. 624, 627 (1977). Amendments may also be sought after judgment, though such relief is customarily requested simply to conform the pleadings to the evidence adduced at trial. See, e.g., Loranger Construc. Co. v. E.F. Hauserman Co., 376 Mass. 757, 761 (1978); Bullock v. Zeiders, 12 Mass. App. Ct. 634, 637 (1981); Sherman v. Pritchard, 3 Mass. App. Ct. 756 (1975).[4]
A simple change in the terminology of a complaint is not the equivalent, however, of bringing a party into court. After the allowance of a Rule 15 *165 amendment, service of process- must still be effected before personal jurisdic- ’ tion over the defendant is obtained. New England Oil Refining Co. v. Canada Mexico Oil Co., Ltd., 274 Mass. 191, 198 (1931); Phillips v. Director General of Railroads, 251 Mass. 263, 266 (1925 Strange v. McDonald’s Corporation, 16 Mass. App. Ct. 916, 918 (1983). Elementary constitutional safeguards mandate such service, for even minimum due process entails notice and an opportunity to be heard. See, generally, LaPointe v. License Board of Worcester, 389 Mass. 454, 458 (1983); Strange v. Powers, 358 Mass. 126, 135-136 (1970); O’Leary, Pet., 325 Mass. 179, 182 (1950). Where, as in the instant case, such fundamental constitutional guarantees are overlooked, anyjudgment rendered is void. Euston Realty Co. v. Lewis, 1981 Mass. App. Div. 191, 192; Shapiro v. Roper’s Enterprises, Inc., 1981 Mass. App. Div. 195, 196-197.
The plaintiff endeavors to avoid the procedural due process problems inherent in her failure to serve DeMoulas by suggesting that such service was unnecessary because DeMoulas was not a new party to the action. Specifically, the plaintiff argues that her post-judgment complaint amendment was confined to the correction of a misnomer of the original and only defendant who was properly served. Such suggestion is unpersuasive on the record before us which includes certified copies of corporate Articles of Organization on file in the office of the Secretary of State for Market Basket and DeMoulas. These records indicate that these corporations are separate and distinct legal entities. The governing principles in this area are well established:
The identity of stockholders and the control of the contracting corporation does not operate to merge the corporations into one or to make either the agent of the other .... Corporations are distinct entities and neither can be treated as the ‘alter ego’ or agent of the other .... It is only where the corporation is a sham or is used to perpetuate deception to defeat a public policy that it can be disregarded.
New England Theatres, Inc. v. Olympia Theatres, Inc., 287 Mass. 485, 493 (1934). See also, Gordon Chemical Co. v. Aetna Casualty & Surety Co., 358 Mass. 632, 638 (1971); Galdi v. Caribbean Sugar Co., 327 Mass. 402, 407-408 (1951). The only evidence advanced by the plaintiff relative to this issue is a utilization of the trade-name “Market Basket” by both corporations in their labeling of some merchandise, market equipment and store signs. Such evidence falls short of the degree of proof needed to disregard separate corporate identities which consists of evidence of a “fraudulent purpose in the organization of [either] corporation,” M. McDonough Corp. v. Connolly, 313 Mass. 62, 66 (1943); or a “confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.’’ My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 619 (1968). See also, Westcott Construc. Corp. v. Cumberland Construc. Co., 3 Mass. App. Ct. 294 (1975); Wilensky v. American Theatre Corp., 54 Mass. App. Dec. 125, 134-136 (1974).
A judgment is void when it is entered without due process of law or when the issuing court lacks jurisdiction over the parties. See, generally, Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 32 (1983); Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983) and cases cited. A motion for relief from a void judgment is not addressed to the discretion of a trial justice; relief under Rule 60 (b)(4) is mandatory. Field v. Massachusetts General Hosp., 393 Mass. 117 (1984); Bowers v. Board of Appeals of *166 Marshfield, at 31.
3. Accordingly, the trial court’s denial of the defendant’s Dist./Mun. Cts. R. Civ. P. 60(b)(4) motion for relief from judgment is reversed.

 damages were assessed as follows: Count I, False arrest and imprisonment, $5,000.00; Count II, assault and battery, $16,000.00; Count II, defamation, $10,000.00. Interest on the date of judgment exceeded $9,000.00.

 A motion to amend a complaint after final judgment should be preceded by a motion to alter, set aside or vacate the judgment pursuant to Dist./Mun. Cts. R. Civ. P. 59(e) or 60(b). Bengar v. Clark Equip. Co., 24 Mass. App. Ct. 41 (1987); Finnegan v. Chandler Street Motor Mart, 1987 Mass. App. Div.

 Accepted reasons include “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... futility of amendment, etc.... “Castellucci at 289-290, quoting from Foman v. Davis, 371 U.S. 178, 182 (1962).

 The timing of a Rule 15 motion is one factor to be considered by the trial justice. Bullockv. Zeiders, at 637.